[L. A. No. 843. Department Two. — October 11, 1901.]

## CHARLES S. HOWARD, Respondent, v. ELEANOR B. HOWARD, Appellant.

DIVORCE — DESERTION — PLEADING — FINDINGS — ULTIMATE AND PROBATIVE FACTS — AGREEMENT FOR SEPARATION — REFUSAL OF RECONCILIATION. — In an action for divorce on the ground of desertion, the alleged willful desertion of the plaintiff by the defendant is not a conclusion of law, but is the ultimate fact to be pleaded and found; and where there has been a separation of the parties by agreement, an offer of reconciliation, made in good faith by the plaintiff, and the refusal thereof by the defendant, are probative facts, tending to prove desertion, and need not be pleaded and found.

ID. — FORMER CRUELTY OF HUSBAND — IMMATERIAL EVIDENCE. — Evidence of the former cruelty of the husband in striking the wife, two years prior to the agreement for separation, and seven years prior to the husband's offer of reconciliation and her refusal thereof, is too remote, and is immaterial to the issue of desertion on her part, alleged as of the date of such offer and refusal.

ID. — FORMER JUDGMENT. — The record of a former judgment in an action for a divorce, brought by the husband on the ground of an alleged desertion by the wife, as of a date subsequent to the agreement for separation, and prior to the offer of reconciliation, in which action the husband was defeated, is irrelevant and immaterial to the issue of desertion alleged as of the subsequent date of the offer and refusal.

ID. — GOOD FAITH OF OFFER — CONFLICTING EVIDENCE — SUPPORT OF FINDING. — Where the court found, upon conflicting evidence, that the offer of the husband, which the wife refused, was made in good faith, and where, on the face of the testimony, there is enough evidence of good faith to justify the finding, it will not be disturbed upon appeal.

ID. — SUBSEQUENT OFFER AFTER SUIT BROUGHT — REFUSAL — MATURITY OF ACTION. — A subsequent offer of reconciliation, made by the plaintiff after suit brought, which was refused, cannot defeat or render premature an action for divorce which was based upon an alleged desertion as of the date of a prior offer and refusal.

ID. — EFFECT OF ACCEPTANCE. — An acceptance of subsequent offers within one year after the date of the prior offer and refusal would have defeated the action; but an acceptance after the expiration of the year could not defeat it.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion.

Porter & Sutton, for Appellant.

C. C. McComas, and F. R. Willis, for Respondent.

CHIPMAN, C. — Divorce on the ground of desertion. Plaintiff had judgment, from which and from the order denying motion for a new trial defendant appeals. Finding 3 was as follows: "That on the tenth day of March, 1897, the defendant willfully and without cause deserted and abandoned the plaintiff, and ever since has deserted plaintiff, and continues to live apart from him without his consent." Finding 7 was, that "on or about the twentieth day of March, 1893, the plaintiff and defendant entered into an agreement of separation, set forth in paragraph 7 of defendant's answer." The agreement is in writing, signed by the parties, and states that in conse-.quence of unhappy differences they have agreed, and do agree, .to live separate and apart during the remainder of their lives. Provision is made for the payment of a certain annuity by plaintiff to his wife; also, disposition is made of certain real property, and some other provisions, not necessary to be stated, are embraced in the agreement.

1. Appellant claims that finding 3 is not supported by the evidence, and is in reality a conclusion of law, and that there are no findings of fact to support it as such. There was no finding that plaintiff, in good faith, sought a reconciliation and restoration of marital rights under section 101 of the Civil Code, or that defendant ever refused such reconciliation, and it is claimed that in the absence of a finding on one or other of these facts, finding 3 cannot stand as a conclusion of law.

Section 101 of the Civil Code is as follows: "Consent to a separation is a revocable act, and if one of the parties afterward, in good faith, seeks a reconciliation and restoration, but the other refuses it, such refusal is desertion." So long as the parties were living apart by agreement, there was no desertion. When, however, a reconciliation and restoration were, in good faith, sought by plaintiff and refused by defendant, such refusal became desertion. It was not necessary to allege such offer, nor was it necessary to find such fact. The ultimate fact alleged and found was willful desertion. The fact that plaintiff had sought reconciliation was a probative fact, tending to prove the desertion. Finding 3 is not a conclusion of law, but is a finding of the ultimate fact alleged in the complaint.

2. The answer alleged, that, prior to the agreement to sepa-

rate, plaintiff treated defendant in a cruel and inhuman manner, and alleged specific acts of cruelty, and that in consequence thereof she was obliged to seek the care and shelter of friends, and since that time has not lived with plaintiff; that on March 18, 1893, she began suit for a divorce against her husband on the ground of extreme cruelty, and the answer refers to the records of the court, making them part of her answer; that thereafter,—to wit, on March 20, 1893, two days after her complaint was filed,— the agreement above referred to was executed by the parties. Her action for divorce seems to have been abandoned, so far as appears. It is further alleged, that about the ninth day of March, 1897, the plaintiff herein began an action for divorce against defendant on the ground of desertion; that said suit came on for trial, March 18, 1898, and thereafter judgment was duly given and made for defendant, "denying the application of the plaintiff herein for a divorce, and adjudging that he take nothing by his action." The present action was commenced March 20, 1899. Defendant was asked, as a witness in her own behalf, to state whether or not her husband struck her in the month of June, 1891. The question was objected to as immaterial, and not within the issues, and too remote. Defendant urged then, and now urges, that the question was intended to draw out facts which would bear on plaintiff's good faith in seeking reconciliation in 1898. We think the ruling was correct. Defendant also offered to introduce the record in the former divorce case brought by plaintiff. It was objected to as irrelevant and immaterial, and was, we think, rightly excluded. In making the offer defendant did not state its purpose, or what connection it had with the present case, and we cannot see that it was relevant for any purpose.

3. It is contended that the evidence showed that plaintiff's effort to bring about a reconciliation was not sincere, or made in good faith. Several witnesses were called upon this point. At most, the evidence is conflicting. On the face of the testimony, there is enough to justify the court in its conclusion that plaintiff was acting in good faith. If there was anything in the manner of plaintiff, or of his other witnesses, which would show that he was merely preparing the way to bring this action, and was not sincerely seeking a reconciliation, the trial court could better judge the fact than we can here. We cannot say the court erred in its conclusion. The fact that

plaintiff took witnesses with him when he went to make his offer is urged as a strong circumstance showing lack of good faith. Due weight was doubtless given to it by the trial court.

It appears from the testimony of Mrs. Howard that the court interrogated her to considerable extent, obviously to ascertain her feelings towards her husband, and why she had refused to accept his offer of reconciliation. It is manifest from her answers that she was unwilling to consider the offer, unless her husband would first express contrition for his past treatment of her, many years before, and unless he would confess that he had wronged her and would seek forgiveness. It is quite clear that the past was still vivid and rankling in her mind, and that she could have no faith in her husband's present sincerity, unless he would in some way atone for prior delinquencies. Upon a careful examination of all the evidence, we think there was sufficient to warrant the court in concluding that plaintiff was acting in good faith in seeking reconciliation, and that defendant refused then, and ever since has refused, to accept his offer. His first interview with her was on March 19, 1898, and his complaint, as above stated, was filed March 20, 1899.

Plaintiff renewed his solicitations, March 22, 1898, with like result, and it is claimed that the statute began to run from this latter date, and not from March 19th, and that therefore the action was prematurely brought. If defendant had accepted any of the subsequent offers in good faith, and had consented to return to her husband within one year from the first offer of reconciliation, it would have defeated the action (*Benkert* v. *Benkert*, 32 Cal. 451); but not so if the acceptance was after the right of action had fully accrued. (Id.) But the evidence shows no change of mind in defendant from the time the first offer was made, and even at the trial her testimony showed an unwillingness to again live with her husband, unless he would in some way prove his sincerity to her satisfaction, and would seek her forgiveness for the past.

It is advised that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.