[L. A. No. 3217.   Department One.—December 3, 1913.]

## HELEN M. BORDEN, Appellant, v. GAIL BORDEN, Respondent.

DIVORCE—DESERTION—SEPARATION BY MUTUAL CONSENT.—Where husband and wife separate by mutual consent, the separation cannot be regarded as a desertion on his part which will entitle her to a divorce. And it is not necessary that such a consent should be expressed in writing, or even expressed in words; it may be implied from circumstances which tend to show the plaintiff's consent, or that the separation was not against her will.

ID.—CONSENT TO SEPARATION—QUESTION FOR TRIAL COURT.—It is for the court trying the case to determine, from all the facts and circumstances appearing in the case, whether or not there has been an absence of that consent to living separate and apart which is essential to constitute a desertion.

ID.—OFFER OF RECONCILIATION—REFUSAL TO ACCEPT.—Where husband and wife separate by consent or are living apart by agreement, there can be no desertion until one seeks a reconciliation and is refused. However, when a reconciliation and restoration are, in good faith, sought by one of the parties and refused by the other, the refusal constitutes desertion. But the desertion does not begin until such offer and refusal.

ID.—SEPARATION BY CONSENT—EVIDENCE OF OFFER OF RECONCILIATION—CORROBORATION.—In this action by a wife for a divorce on the ground of desertion, the evidence shows that she and her husband separated by mutual consent, and her testimony that over one year prior to the commencement of the action she asked him to return to her and he refused is not sufficiently corroborated.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Collier & Clark, for Appellant.

Chase, Overton & Lyman, for Respondent.

ANGELLOTTI, J.—This is an action for divorce on the ground of desertion. Judgment was given decreeing that plaintiff is not entitled to a divorce. We have an appeal

here by plaintiff from an order denying her motion for a new trial.

Though defendant filed an answer denying the allegation of desertion, he in no way opposed the claim of plaintiff to a divorce on that ground on the trial, and the findings of the judge of the trial court show that he was of the opinion that there was a sufficient showing of both connivance and collusion to warrant him in denying a divorce. (Civ. Code, secs. 111, 112, and 114.) It is not necessary to go into the question whether the learned judge was correct in this conclusion, for we are satisfied that the order denying a new trial must be affirmed for another reason.

This action was commenced June 16, 1911. The allegations as to desertion were contained in paragraph II of the complaint and were "that during the month of July, 1909, and without any cause or provocation whatsoever, . . ., the defendant willfully deserted and abandoned the plaintiff herein, and for more than one year last past has continued to willfully and without cause desert and abandon the said plaintiff." The trial court found "that each and all of the allegations contained in paragraph II of the complaint are untrue." If this finding has sufficient support in the record, it precludes a reversal, regardless of all questions of connivance and collusion.

The parties, who have been husband and wife ever since December 5, 1893, separated on July 29, 1909, and have never lived together since the last named date. On June 8, 1909, they had entered into a most carefully prepared written agreement, to "operate as and be a complete adjustment and settlement and division of all property rights of the parties." By this agreement certain real and personal property of apparently considerable value was set apart to plaintiff, and defendant agreed to pay to plaintiff during her life, or until, in the event of a divorce, she remarried, five hundred dollars per month for her support and maintenance, and the further sum of one hundred and fifty dollars per month for the support, maintenance, and education of their minor daughter, so long as such daughter elected to live with the mother and until she became of age. It was expressly declared that the agreement was not intended as an agreement for separation or for divorce, and was to be binding whether the parties lived

together or apart. On July 29, 1909, defendant left the family home, telling plaintiff that he thought it would be better that they separate entirely. The evidence shows that the parties had not been living happily together for many years prior to this separation. Plaintiff in response to a question by the court as to how they came to separate at that time said "because we could not get along together." She at no time claimed to have objected in any way to the proposed separation. A review of the record satisfies us that there is ample support for a conclusion that the separation in July, 1909, was by mutual consent of the parties. It is not necessary that such a consent should be expressed in writing, or even expressed in words. It may be implied from circumstances which tend to show the plaintiff's consent, or that the separation was not against her will. (See *McMullin* v. *McMullin*, 140 Cal. 115, [73 Pac. 808].) "Separation by consent, with or without the understanding that one of the parties will apply for a divorce, is not desertion" (Civ. Code, sec. 99), a separation, proper in itself, becoming desertion only when the intent to desert is fixed during such separation. (Civ. Code, sec. 100.) As said in the case last cited, "it is for the court trying the case to determine from all the facts and circumstances appearing in the case whether or not there was an absence of that consent to living separate and apart which is essential to constitute a desertion." We repeat that ample support is to be found in the record for the conclusion that the separation in July, 1909, was by mutual consent of the parties. Accepting this as a fact, as we must in view of the finding of the trial court, there was no desertion at that time (Civ. Code, sec. 99) and the separation could become desertion only by reason of something transpiring thereafter.

The only thing capable of changing the character of the separation that is suggested by the evidence is a possible effort on the part of plaintiff for reconciliation and restoration. Section 101 of the Civil Code provides that "consent to a separation is a revocable act, and if one of the parties afterward, in good faith, seeks a reconciliation and restoration, but the other refuses it, such refusal is desertion." It may be conceded that plaintiff was entitled to show such an effort for reconciliation and restoration notwithstanding the absence of specific allegation in that behalf in the complaint, the ulti-

mate fact of desertion being alleged. (*Howard* v. *Howard,* 134 Cal. 346, [66 Pac. 367].) So conceding, however, there could be no desertion, until the seeking of reconciliation and restoration, until the offer is made and refused or not accepted. "So long as the parties were living apart by agreement, there was no desertion. When, however, a reconciliation and restoration were, in good faith, sought by the plaintiff and refused by defendant, such refusal became desertion." (*Howard* v. *Howard,* 134 Cal. 346, [66 Pac. 367].) The desertion does not begin until such offer and refusal. The section (Civ. Code, sec. 101) says "*such refusal is desertion.*" As said in *Sargent* v. *Sargent,* 106 Cal. 544, [39 Pac. 932], the only effect of the section "is to put the recalcitrant spouse in default, and to give to the other a right which he did not have under the previously existing circumstances; a right which, if such refusal be persisted in for the statutory period, will ripen into a cause for divorce." It is provided by section 107 of the Civil Code, that willful desertion must continue for one year before it is a ground for divorce. While plaintiff testified that in December, 1909, she asked defendant to return to her, and that he then refused to do so, there is in the record ample warrant for a conclusion that there was no sufficient corroboration of her statements in that regard. She further testified that she again spoke to him about it in July, 1910, when he was in Los Angeles. This, however, was less than a year prior to the commencement of this action, and it is unnecessary to determine whether these statements were sufficiently corroborated. The testimony of the only witness called to corroborate plaintiff's testimony, viz., Louise Grijalva, is certainly not of such a nature as to warrant us in holding that it required the trial judge to conclude that it was a sufficient corroboration of plaintiff's testimony as to any offer of reconciliation and restoration made as much as a year prior to the commencement of this action. Section 130 of the Civil Code, in terms provides that "no divorce can be granted . . . upon the uncorroborated statement, admission, or testimony of the parties." It thus appears that, regardless of the question whether the trial court was bound to accept as true the testimony of plaintiff and the witness called by her for corroboration purposes, as is earnestly urged by learned counsel for plaintiff, it cannot be

held that the conclusion of the trial court that no desertion constituting ground for divorce was shown, is without sufficient support in the record, in view of the rule requiring corroboration of the plaintiff's testimony. Therefore we are not warranted in disturbing the finding, and, as said before, that finding precludes a reversal. Nothing said herein is to be taken as an intimation that the question of the amount of credit to be given to the witnesses was not solely one for the trial court.

The order denying a new trial is affirmed.

Sloss, J., and Shaw, J., concurred.