MARIE ERNESTINE KARL, complainant,

*v.*

PHILIP KARL, defendant.

[Decided June 28th, 1923.]

Evidence that a husband had frequently quarreled with his wife and on numerous occasions had assaulted her, without any provocation for such assaults, is sufficient to entitle her to a decree for separate maintenance.

---

*Mr. Paula Laddey,* for the complainant.

*Mr. Henry Carless,* for the defendant.

CHURCH, V. C.

In this case the complainant sues her husband for separate maintenance on the ground of extreme cruelty. It appears that nearly thirty years ago the husband and wife were married in Germany and came to this country. They have nine children. The testimony shows that the husband and wife had frequent quarrels; on various occasions the defendant assaulted his wife, struck her at one time on the breast, at another time gave her a blow between the eyes; then he attempted another time to choke her. Often she had to flee from him and go outside the house. At another time he kicked down a door into her bedroom, which she had locked in fear of him. He also threw knives at the door. He upset the table in the kitchen and broke the dishes.

She testifies, and is corroborated in this statement, that these acts of her husband have caused her to suffer physically and that she is now bed-ridden, not, perhaps, entirely due to the unkind treatment of the defendant, but certainly his treatment exaggerated her condition.

The defendant says that he supported his wife in the proper manner and that the quarrels which arose between them, and which he admits, were due as much to her as to him. A husband's obligation to his wife does not end with mere support. It is his duty to avoid quarrels, not to provoke them.

Counsel attempts to show that under the decisions in this state a man may strike his wife several times without being adjudged guilty of extreme cruelty. I cannot find any cases to support his contention. The defendant, perhaps, relies upon the case of *Pittis* v. *Pittis,* reported in *82 N. J. Eq. 685.* In that case the husband was accused by his wife of improper relations with his own sister, which accusation was untrue. In the heat of passion he struck her, and the court held that this was not sufficient evidence of extreme cruelty to establish her right to a permanent separation. The theory of a suit by a wife for divorce on the ground of extreme cruelty is that the final separation in such cases should be made as a protection against future probable acts of cruelty.

The case I have cited can easily be distinguished from the case at bar. In the cited case the husband was accused of a foul crime, of which he was entirely innocent, and his natural resentment caused him to strike his wife in the heat of passion. This act he immediately repented and there was no evidence of any other similar occurrence. In the case at bar, the husband had no justification whatever in quarreling with his wife, or in striking or choking her. She had borne him nine living children, and, as far as the testimony shows, had been in every way a good wife to him.

She is, I think, justified in fearing that if she continues to live with him these attacks of temper on his part may develop at any time, and that her health may be seriously impaired by the consequences of such irritation on his part.

I am of the opinion that the treatment of the complainant by the defendant is such as to justify her in asking this court for a separation on the ground of extreme cruelty.

I, therefore, feel that the complainant is justified in asking for separate maintenance, and I will grant the prayer of the complaint.

I will hear counsel as to alimony and counsel fee to be awarded.