[Civ. No. 4884.   First Appellate District, Division Two.—November 21, 1924.]

## C. J. BRANHAM, Respondent, v. MARION K. BRANHAM, Appellant.

[1] DIVORCE—DESERTION—PLEADING.—An allegation in a complaint for divorce that on a certain date "the defendant . . . without cause and against the wish of plaintiff and without his consent willfully deserted and abandoned the plaintiff" is sufficient to raise the issue of desertion.

[2] ID.—SEPARATION—CONSENT—DESERTION—REVOCATION—EVIDENCE.— In this action for divorce, the evidence having shown that the separation between the parties was taken with the consent of both parties, such separation did not, under the terms of section 99 of the Civil Code, constitute a desertion; and the plaintiff not having made any effort to revoke this consent and not having sought a reconciliation or restoration, there was no refusal on the part of the defendant, and hence desertion cannot be laid to either at a later date by reason of section 101 of the Civil Code.

---

1. Desertion as ground for divorce, notes, 119 **Am. St. Rep.** 617; 138 **Am. St. Rep.** 146. See, also, 9 R. C. L. 418; 9 Cal. Jur. 707.

2. Refusal of wife to follow husband, on change of domicile, as desertion, notes, 5 **Ann. Cas.** 852; 4 **L. R. A. (N. S.)** 145. See, also, 9 R. C. L. 358; 9 Cal. Jur. 668.

[3] ID.—DESERTION—CORROBORATION—EVIDENCE.—In such action, there was no evidence tending to corroborate any direct evidence or inference upon which plaintiff might rely to prove the act of desertion.

(1) 19 C. J., p. 112, sec. 279.   (2) 19 C. J., p. 58, sec. 110.   (3) 19 C. J., p. 145, sec. 368.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Reversed.

The facts are stated in the opinion of the court.

Daniel Rygel, Hugh R. Osburn, Richard B. Bell and R. M. F. Soto for Appellant.

Harry G. McKannay for Respondents.

NOURSE, J.—This is an appeal from an interlocutory decree of divorce granted on the ground of the defendant's desertion.

Plaintiff commenced the action for a divorce on two grounds, desertion and cruelty. Defendant filed a cross-complaint charging cruelty on the part of plaintiff and praying for a denial of the divorce and for separate maintenance. The trial court found in accordance with the allegations of the first cause of action set forth in plaintiff's complaint that the defendant "without cause and against the wish of plaintiff willfully deserted and abandoned plaintiff," and that the plaintiff was justified in going to Sacramento during the month of March, 1919, in the pursuit of necessary employment and a livelihood for himself and defendant, and that defendant's refusal to accompany plaintiff to Sacramento or to join him there was without just cause. No finding was made covering the second cause of action of plaintiff's complaint which alleged cruelty on the part of defendant. As to the cross-complaint of defendant the trial court found that all the allegations were untrue. As conclusions of law it was found that it was impractical to make a division of the community property of the parties, and the whole thereof was accordingly awarded to the plaintiff,

3.  See 9 R. C. L. 435; 9 Cal. Jur. 741.

while the defendant was awarded $125 a month as alimony for the period of two years and thereafter the sum of $100 per month. This community property consisted of an automobile of the value of $1,000 and 920 shares of stock in the Anderson Printing Company of Sacramento of the value of between $9,000 and $10,000, which, however, was hypothecated as security for the corporation's note upon which a balance of $3,300 was due.

The defendant appealed from this decree after a denial of her motion for a new trial and has brought up a record under section 953a of the Code of Civil Procedure.

The appellant has assigned as errors the insufficiency of the evidence to support the decree on grounds of desertion; the award of all the community property to respondent; the failure to award to the appellant her separate property; the failure to find as to the residence of the respondent; and the failure to make a specific finding as to the particular facts manifesting the desertion charged to the appellant. It is necessary to consider the first assignment only as the objections to the findings, or want of findings, in other particulars are not likely to occur on a new trial.

[1] The allegation of the complaint charging desertion is that on the eleventh day of March, 1919, "the defendant . . . without cause and against the wish of plaintiff and without his consent willfully deserted and abandoned the plaintiff." This allegation was, of course, sufficient to raise the issue of desertion (*Grierson* v. *Grierson,* 156 Cal. 434 [134 Am. St. Rep. 137, 105 Pac. 120]). [2] The trial court found in accordance with the allegations of the complaint and added "that the respondent was justified in going to Sacramento on that occasion and that the appellant's refusal to accompany him was without just cause." The respondent having laid the occurrence on March 11, 1919, at the city of San Jose as the basis for the charge of desertion, it is necessary to consider the evidence showing what happened at that time in order to determine whether the facts come within the definition of willful desertion as found in section 95 of the Civil Code, which reads: "Willful desertion is the voluntary separation of one of the married parties from the other with intent to desert." The evidence appears in the testimony of the two parties. The respondent testified that for a number of years he and his wife had been

living in different cities of this state where he had been engaged in employments of more or less temporary character, and that in 1918 he started negotiations for the purchase of an interest in the Anderson Printing Company of Sacramento and that at that time his wife objected to his buying into that company upon the ground that her health would not permit her to live in Sacramento. The negotiations were discontinued for a time, but in March of the following year the respondent went to Sacramento, and, as he says, "I closed the deal. I left Mrs. Branham at the St. James Hotel in San Jose in a room, and I told her where I was going. I left her in tears that morning; she was objecting to it. I had a conversation with Mrs. Branham over the telephone when I informed her that I had closed the deal. She objected very seriously at that time. She said she could not or would not live in Sacramento. A short time after that she was. in the Garden City Sanitarium. It was the same proposition, she said she could not live there, her health would not permit it. When I telephoned from Sacramento I wanted Mrs. Branham to go there to live with me. I told her I was tickled that I had closed the deal, and we were going to be permanently settled again. I believed it was a very good outlook. Mrs. Branham, prior to my going to Sacramento, told me positively she would not live in Sacramento. She has not since that time expressed a desire to go to Sacramento to live or to live with me." The testimony of the appellant, which is not contradicted, is that prior to the opening of these negotiations she had informed her husband that she had been advised by her physician not to go to Sacramento and she had urged her husband to remain in San Jose where a business opportunity awaited him; that while he was in Sacramento on the second occasion negotiating for the purchase of the printing stock she telephoned to him and urged him not to make the purchase, telling him then that her health would not permit her to live there, and that on the following day she received from him a letter in which he wrote, "I can only say this, Marion, if you believe you cannot live in Sacramento *you have the privilege of living where you wish.*" The appellant also testified that while her husband had been in Sacramento he had never directed or requested her to join him or indicated any desire that she should do so; that he had not offered her a home in Sacramento, and

that she had not known his address since June, 1919. Up to that time the parties had continued to correspond, and one letter offered by the respondent, dated in May of that year, indicated that the appellant had no intention of willfully deserting her husband. In addition to this, evidence was offered that throughout their married life the parties had frequently quarreled over the actions of the respondent regarding other women; that these relations existed at every place where the appellant and respondent lived and were continued by the respondent after he had established his residence in Sacramento. It also appeared that respondent had frequently admitted to the appellant that his conduct in this respect was improper and that she had insisted that he make a change. The parties had quarreled about these matters during their last residence together in the city of San Jose, and this is given as another reason why the appellant did not care to accompany her husband to Sacramento in March, 1919. On this phase of the case there is no conflict, the testimony of the respondent being of such a nature as to be not worthy of consideration. It is that "every time I returned home—I won't say every time, but on a great many occasions—she accused me of wrongdoings and I thought the matter over and in order to pacify her, or mollify her, I would acknowledge it. I found out afterwards that I made a mistake by acknowledging it; it didn't have the desired effect." This testimony, taken in view of the positive evidence in the record showing the misconduct of the respondent leading in some cases to admitted adulteries, does not create any conflict with the testimony of the appellant.

The uncontradicted evidence shows that when the respondent left the appellant in the month of March, 1919, to go to Sacramento there was no intention on the part of either to bring about a desertion; that the separation at that time was with the mutual consent of both parties, the respondent then taking the position that he had better business opportunities in the city of Sacramento, while the appellant insisted that her health would not permit her to live in Sacramento, and that she had been so advised by her physician. After this separation the parties continued to correspond in a friendly way and at no time thereafter did the respondent provide a

home or offer to provide one for the appellant in Sacramento or at any other place, and at no time thereafter did he request the appellant to resume the marriage relations. The separation having been taken with the consent of both parties, it does not, under the terms of section 99 of the Civil Code, constitute a desertion. The respondent not having made any effort to revoke this consent and not having sought a reconciliation or restoration, there was, of course, no refusal on the part of the appellant and hence desertion cannot be laid to either at a later date by reason of section 101 of the Civil Code. In this respect the case is within the rule announced in 9 Cal. Jur., p. 68, where it is said: "It is settled that separation by consent, with or without the understanding that one of the parties will apply for a divorce, is not desertion. When parties so separate, the continuance of the separation does not give rise to a cause of action for divorce, until the consent of one is withdrawn, and neither is entitled to a divorce on the ground of desertion, for neither can say that the absence of the other was wrongful, at least not until the consent was revoked, though each may have intended to abandon the other." (*Borden* v. *Borden*, 166 Cal. 469, 471 [137 Pac. 27]; *Lewis* v. *Lewis*, 167 Cal. 732, 734 [52 L. R. A. (N. S.) 675, 141 Pac. 367]; *McMullin* v. *McMullin*, 140 Cal. 112 [73 Pac. 808].) There is no evidence in the record that when the parties separated in March, 1919, either intended to desert the other. All the evidence and all the inferences that can be drawn therefrom tend to prove a case of separation by mutual consent. This being so, it is incumbent upon the respondent to show that at some time thereafter and prior to one year before the commencement of this action he had in good faith offered a reconciliation with the appellant and had offered her a home, but that she had refused to resume marriage relations with him. There being no evidence of these facts, the case stands without proof of the essential element of the cause of action.

[3] In addition to this there is no evidence tending to corroborate any direct evidence or inference upon which the respondent might rely to prove the act of desertion. In this respect the case is similar to *Schmid* v. *Schmid*, 66 Cal. App.

765 [227 Pac. 222], and *Sweet* v. *Sweet,* 64 Cal. App. 786 [227 Pac. 634].

For these reasons the judgment is reversed.

Sturtevant, J., and Langdon, P. J., concurred.