DOVOLOS, Respondent, v. DOVOLOS, Appellant.

(216 N. W. 857.)

(File No. 6256.   Opinion filed December 20, 1927.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

G. *Norton Jameson* and *Danforth & Barron,* all of Sioux Falls, for Respondent.

MISER, C.   This is an action for divorce.   Plaintiff, respondent, owns and operates two confectionery stores in the city of Sioux Falls.   He speaks the English language sufficiently well to testify.   Defendant, appellant, who is about three years older than her husband, testified, by reason of her inability to speak the language, through an interpreter.   The parties were born and married

in Greece. To this marriage were born two children, 8 and 10 years old at the time of the trial. It is alleged in the complaint, as the sole ground for the divorce prayed for, that on or about the 27th day of February, 1923, the defendant willfully deserted the plaintiff, without any sufficient cause and without his consent. In her answer, appellant admits that, on or about the 27th day of February, 1923, she took their children and went back to Greece, but that she did this at the request of the plaintiff, who represented to her that he wanted their children educated there that they might become familiar with the language of that country. The trial court found that appellant deserted respondent, as alleged in the complaint, and granted the divorce on the grounds of desertion.

The uncontradicted testimony shows that when appellant went to Greece with their children, the plaintiff took them as far as New York, paid for their passage, and gave appellant some money. She testifies that he gave her $300 and promised to send her some more. He testifies that he gave her $2,700 at that time. While in Greece, she lived with the father and mother of the plaintiff. She testifies that, while there, she wrote to her husband every month, but that she never received any letter from him. He testified that he did not receive any letter from her, and also that he did not write to her, even to advise her that he was starting an action for divorce. This action was started in February, 1924. Service of summons was had by publication. Respondent testified that, prior to the time when appellant went back to Greece, she said that she wanted to live there. In response to the question then asked him, "What did you say?" he answered, "I said, 'As long as I am an American citizen, I am going to stay here and die with the flag; and if you want to go back there, go ahead and go.'"

Section 140, Rev. Code, is as follows:

"Separation by consent, with or without the understanding that one of the parties will apply for a divorce, is not desertion."

See, also, Branham v. Branham, 69 Cal. App. 742, 232 P. 472, citing 9 Cal. Jur. p. 668.

We are of the opinion that the evidence is insufficient to support the findings "that the defendant was guilty of desertion, and that such action was not by the connivance or procurement of the

plaintiff." The judgment of divorce on the ground of desertion and the order denying motion for new trial are reversed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.