**J. F. Thornton, Appellee, v. Harriett Thornton, Appellant.**

**Gen. No. 9,157.**

Opinion

filed January 24, 1939.

PAUL F. WANLESS and VIRGINIA BROWN WANLESS, both of Springfield, for appellant.

THOMAS H. CRAIN and EDMUND BURKE, both of Springfield, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

J. F. Thornton filed his complaint in the circuit court of Sangamon county on December 16, 1935, to annul his marriage to Harriett Thornton on the ground that she was, at the time of their marriage, insane and mentally incapable of entering into a marriage contract. Mrs. Thornton filed an answer denying her mental incapacity, and on February 20, 1936, counterclaimed for separate maintenance, in which she alleged that the plaintiff caused her to enter the State Hospital for insane at Jacksonville, Illinois, on August 18, 1935; and that thereafter had refused to permit her to return to his home. Plaintiff filed a general denial to the counterclaim, and on August 7, 1937, filed a supplemental bill for divorce, without instituting a new suit, alleging desertion by Mrs. Thornton from December 16, 1935, to the date of the bill. The defendant, in her answer to plaintiff's supplemental bill, denied that she had deserted her husband, and on January 20, 1938, filed her counterclaim for divorce, likewise alleging desertion. On January 25, 1938, the defendant moved for judgment on the pleadings, or in the alternative to strike the supplemental bill alleging that during the period that she was supposed to have deserted her husband, he had on file a complaint for the annulment of the marriage. This motion was denied.

The case was tried on January 5, 1938, and a verdict returned in favor of the plaintiff. Defendant has appealed to this court, alleging that the trial court erred in denying her motion for judgment or in the alternative to strike plaintiff's supplemental bill.

Our Supreme Court said in the case of *Floberg v. Floberg,* 358 Ill. 626, 629. "The State, as the sovereign, has an interest in maintaining the integrity and permanency of the marriage relation. Parties cannot in this State contract for divorce. Neither can a divorce be properly secured by collusion of the parties. The dissolution of the marriage contract can only be granted by a court for some one or more of the causes enumerated in our divorce statute. It is the policy of our courts to give the divorce laws a strict rather than a liberal construction. The statute providing for a divorce on the ground of desertion contemplates a willfulness without any reasonable cause. The living separate and apart by mutual consent of the parties does not constitute a willful desertion within the divorce statute. While the point is not raised by the appellant that the full period of one year's desertion had not run at the time of the filing of the cross-bill, yet it is the duty of the court in this character of a case of its own motion to examine that question and determine whether the complainant had deserted the appellee for the period of one full year prior to the filing of the cross-bill."

Again the Supreme Court of this State said in the case of *Embree v. Embree,* 53 Ill. 394, 396. "Nor is the case altered, when the bill is prematurely filed, by filing a supplemental bill, alleging two years' desertion, when the two years includes any portion of the time which has elapsed after filing the original bill. A hearing can only be had on the grounds which exist when the suit is commenced. Subsequent grounds can

not be incorporated into the case after the proceeding has been commenced.''

The legislature of this State has provided that when either party to a marriage ''has wilfully deserted or absented himself or herself from the husband or wife, without any reasonable cause, for the space of one year'' the injured party may obtain a divorce. (Ill. Rev. Stat. 1937, ch. 40, par. 1 [Jones Ill. Stats. Ann. 109.169]). There is no question that Mrs. Thornton lived separate and apart from her husband between December 16, 1935 and August 7, 1937; the sole issue in this case is whether Mrs. Thornton had ''reasonable cause'' for so doing. We believe that she did. In *Haltenhof v. Haltenhof*, 44 Ill. App. 135, a husband filed a bill for divorce which was later dismissed. Less than two years later he filed another bill alleging desertion. The statute at that time required desertion for two years as a ground for divorce and the trial court therefore dismissed the second bill. In affirming this decree, the Appellate Court for the first district said: ''Clearly, while the former proceeding was pending, it cannot be said that a desertion could take place. Appellant had brought suit against appellee charging her with desertion; there can be no presumption that during the pendency of that suit he would have received her had she returned. Nor can it be said to be incumbent upon either husband or wife to resume the marital relation and duties while a suit for divorce is in progress. After the termination of that suit, if appellant had offered to appellee a home with him and to restore her to lawful position as his wife, and she had refused to return, a period of desertion might be said to begin; but a decree for desertion can not be rendered under the bill filed October 5, 1886, without reckoning as a portion of the statutory two years some weeks during which the former application was pending and undetermined.''

Thornton contends that this case is not applicable here, because of the allegation in his supplemental bill that he had "asked her to return and live with him on or about August 1, 1936, and that he would dismiss his suit for annulment if she would return and live with him." However, until Thornton actually dismissed the annulment proceedings, the records gave notice to the public of his claim that his marriage was null and void and that he and Mrs. Thornton were not and never had been husband and wife. Under these circumstances, we do not believe that Mrs. Thornton acted unreasonably by refusing to resume cohabitation with him until he dismissed his bill for annulment.

The Supreme Court of this State reached a result in accord with this view in *Floberg v. Floberg, supra.* In that case, a wife filed a bill for separate maintenance four months after she and her husband had separated. Less than a year later, he filed a counterclaim for divorce on the grounds of desertion. The Supreme Court, in reversing the decree of the trial court granting the husband a divorce said: "The general rule is where a suit for divorce is brought and the same is pending between the parties to the marriage contract, the parties are not only justified in living apart but necessarily must do so. Such living separate and apart does not constitute willful desertion without reasonable cause within the meaning of the Divorce Act. It would be incompatible with a pending suit for the dissolution or modification of the marriage contract for the parties to live together. If the suit is carried on bona fide, it is not incumbent, during its pendency, upon either party to resume the marital status. The time so consumed by the litigation cannot be reckoned in the calculation of the statutory period of desertion."

Thornton further asserts that the pendency of a prior suit to terminate the marriage relation is merely evidence that a separation during the period involved

is justifiable; that such evidence may be overcome by proof that the other spouse has a fixed intention never to return; and that where such proof is made, the entire period during which the suit is pending may be included in computing the time of desertion. In this connection he cites *Hartpence v. Hartpence*, 121 Atl. 513, a New Jersey case. Assuming for the purpose of this case that the rule announced there would be followed in this State, we do not believe that the facts of this case justify its application here. The New Jersey court found in the *Hartpence* case that: ''Here it appears clearly that during the three months preceding the institution of the suit, and for nearly two years after its dismissal, the desertion was willful and obstinate and that during its pendency the mental attitude of the defendant underwent no change.'' As stated above, there is no proof here that Mrs. Thornton would have refused to return to her husband had he indicated his good faith by dismissing his bill for annulment.

In our judgment, the circuit court of Sangamon county erred in overruling Mrs. Thornton's motion for judgment on the pleadings. For this reason, the judgment must be reversed and the cause remanded to that court with instructions to dismiss plaintiff's complaint.

*Reversed and remanded, with directions.*