[Civ. No. 2803.   Fourth Dist.   Nov. 7, 1941.]

ALICE B. COHN, Respondent, v. JACK B. COHN, Appellant.

Max Fink and Ray Sandler for Appellant.

Jerry Giesler and Meyer M. Willner for Respondent.

MARKS, J.—This is an appeal from an interlocutory decree of divorce and from an order made after that decree was rendered.

Plaintiff and defendant were married on July 6, 1930. There are two children the issue of that marriage. The parties separated about December 5, 1936.

On November 16, 1936, plaintiff filed an action for separate maintenance and custody of the children, alleging cruelty on the part of defendant. Defendant answered denying the acts of cruelty, admitting that plaintiff was a fit and proper person to have custody of the children and that she should be given custody of them subject to his right to have them at reasonable times, and alleging that he was earning $300 per month but had earned $400 per month during the first six months of 1936.

On June 4, 1937, plaintiff filed an amended complaint in which she more specifically alleged the acts of cruelty on the part of defendant. She also alleged that the residence of the parties and its furnishings were community property of the value of about $20,000.

On June 8, 1938, defendant filed a cross-complaint for divorce on the ground of cruelty, which was answered by plaintiff.

On December 4, 1936, the following minute order shows the proceedings then had:

"Order to show cause re alimony *pendente lite*, costs, attorney fees and custody comes on for hearing, plaintiff

present with her attorney, Milton M. Cohen, Jr., and defendant with his attorney, W. I. Gilbert. Said matter is referred to Commissioner Doyle for finding of facts and the Court orders: By stipulation, custody of minor children awarded to the plaintiff subject to the right of reasonable visitation by defendant. Defendant is ordered to pay to the plaintiff $150.00 per month for support of plaintiff and children, commencing forthwith. Plaintiff is to have the occupancy of the home place and defendant is to move from the home place. Defendant is ordered to pay plaintiff $250.00 attorney fees payable forthwith; by stipulation, balance of attorney fees and costs, if any, to be fixed at time of trial.''

The case came on for trial on July 28, 1939. The parties were in court represented by their counsel. The court and counsel conferred in chambers and returned to court with the following stipulation which was filed with the clerk:

## "STIPULATION

"It is stipulated:

"Defendant is to pay plaintiff for the support of herself and minor children the sum of $175.00 per month until the further order of the Court.

"The resident is to be separate property of the defendant, with the right of the plaintiff and children to reside therein for a minimum period of three years from this date, at which time such residence shall be subject to the further order of the Court as to the residence of the plaintiff and children.

"The plaintiff shall be awarded all the household furniture and furnishings situated at 6500 Whitworth Drive, as her separate property.

"Insofar as property rights are concerned, this is a complete adjustment, and the court finds this to be her complete share of any property, either separate or community so far as the marriage is concerned.''

When the trial was resumed it was stipulated in open court that plaintiff might file a second amended supplemental complaint to conform to the proof at the close of the evidence, asking a divorce on the ground of desertion; that the trial would proceed on the allegations of that pleading as though it had been filed. Defendant withdrew his cross-complaint.

Plaintiff testified that the parties separated about December 5, 1936; that during the latter part of August, or

early in September, 1937, she in good faith asked defendant to return to her, the two to resume relations as husband and wife; that he refused to do so. Her testimony was corroborated by that of her mother.

The second amended supplemental complaint to conform to the proof was filed on August 4, 1939, and the interlocutory decree of divorce was filed on the same day. It found that the allegations of the second amended supplemental complaint were true. It was decreed that plaintiff was entitled to a decree of divorce and followed the written stipulation as to the support to be paid by defendant and as to the disposition of the property. It followed an oral request made by counsel for defendant in open court, which was not opposed, as to the custody of the children, giving their custody to plaintiff subject to possession by defendant during August, 1940, and during July and August in the succeeding years. Each parent was given the right of reasonable visitation to the children during the time they were in the custody of the other.

After the entry of the interlocutory decree defendant changed his counsel. Defendant then filed a notice of motion for an order permitting him to withdraw and be relieved from the stipulation entered into on July 28, 1939, and all parts of it and to strike the second amended supplemental complaint. He also filed a motion for new trial and a demurrer and an answer to the second amended supplemental complaint. The motions to be relieved from the stipulation, to strike the pleadings and for new trial were denied. Defendant has appealed from the judgment and from the order made after the entry of the interlocutory decree, except the order denying the motion for new trial.

We will first consider the questions presented under the appeal from the judgment.

Defendant first urges that a cause of action for divorce on the ground of desertion cannot accrue where there is an action for divorce or separate maintenance pending between the parties and they are living separate and apart pursuant to an order of court. As a general rule this is obviously true. (*Ewing* v. *Ewing,* 16 Cal. (2d) 208 [105 Pac. (2d) 586].) Like most general rules this one is subject to certain exceptions.

Section 101 of the Civil Code provides that ''Consent to a separation is a revocable act, and if one of the parties afterwards, in good faith, seeks a reconciliation and restoration, but the other refuses it, such refusal is desertion.''

Section 102 of the same code dealing with the refusal of condonation by a party to a desertion contains the following: ''If the other party refuse such offer and condonation, the refusal shall be deemed and treated as desertion by such party from the time of refusal.''

▮ Plaintiff testified that during August or early in September, 1937, she asked defendant to return to her and to resume marital relations with her; that he refused to do so. Her mother corroborated this testimony in detail. Defendant did not deny it.

Defendant urges that this offer was incomplete and insufficient to predicate desertion upon it because plaintiff did not also offer to dismiss her action for separate maintenance then pending against him. It is true that her offer did not contain an offer to dismiss her action. However, defendant's refusal of the request to return to plaintiff was unconditional, positive and final. From that refusal it would appear that a further offer to dismiss the action would have met a like refusal. Where it appears that such an offer, if made, would have been rejected, making it would have been a useless act and would have been excused.

The trial court was satisfied that the offer was made by plaintiff in good faith and was rejected and that defendant's desertion of plaintiff commenced at that time and continued for more than one year thereafter. There is substantial evidence supporting this finding which consequently becomes final here.

In *Howard* v. *Howard,* 134 Cal. 346 [66 Pac. 367], it was said: ''So long as the parties were living apart by agreement, there was no desertion. When, however, a reconciliation and restoration were, in good faith, sought by plaintiff and refused by defendant, such refusal became desertion. It was not necessary to allege such offer, nor was it necessary to find such fact. The ultimate fact alleged and found was willful desertion. The fact that plaintiff had sought reconciliation was a probative fact, tending to prove the desertion.'' (See also, *Sargent* v. *Sargent,* 106 Cal. 541 [39 Pac. 931]: *Borden* v. *Borden,* 166 Cal. 469 [137 Pac. 27].)

Plaintiff also points out that the action was commenced on November 16, 1936, and argues that if it be admitted that defendant deserted plaintiff in August, 1937, there was no cause of action accrued at the time the action was instituted.

It is generally true that a supplemental complaint must relate to the cause of action set forth in the original complaint. As said in *Imperial Land Co.* v. *Imperial Irrigation District*, 173 Cal. 668 [161 Pac. 116], at p. 673: "Furthermore, since a supplemental pleading is proper only in aid of the case made by the original complaint, relief cannot be granted upon a supplemental complaint, where the proof shows that the plaintiff had no cause of action when his original complaint was filed. 'If a party has no cause of action at the time of the institution of his action he cannot maintain it by filing a supplemental complaint founded on matters which have subsequently occurred.' (*Wittenbrock* v. *Bellmer,* 57 Cal. 12; *Gordon* v. *San Diego,* 108 Cal. 264, [41 Pac. 301]; *Hill* v. *Den,* 121 Cal. 42, [53 Pac. 642].)"

Here we have an unusual state of facts not appearing in the ordinary case. The parties stipulated that the second amended supplemental complaint be filed setting up a new cause of action which was for divorce. It was stipulated that its allegations be deemed denied. We must regard it as a pleading which, by stipulation of the parties on which the trial court acted, became a substituted pleading which commenced the plaintiff's action for divorce under the holding in *Randall* v. *Randall,* 203 Cal. 462 [264 Pac. 751], where the Supreme Court said:

"The second complaint, although designated 'supplemental complaint', was in reality a substituted pleading, complete in itself. It stated the same cause of action, to wit, a cause of action for divorce, but, however, based upon a new ground of complaint, namely, desertion. It contained no reference to the allegations of the original complaint. As stated, it was complete in itself and alleged all necessary facts upon which to base jurisdiction of the court.

"Had said second complaint been in reality a supplemental pleading, supplying facts occurring after the filing of the original pleading, supplementing the allegations thereof, it is plain that service of a copy of the original complaint would have been required to give the court jurisdiction. But where, as here, the complaint, irrespective of its erroneous

title, is in itself a complete new pleading, alleging all necessary facts, it is the true complaint in the cause and the action as to the new ground set up therein must be considered as being commenced when said pleading is filed (*Valensin* v. *Valensin*, 73 Cal. 106, 109 [14 Pac. 397]); hence, service of a copy thereof is all that is required under the statute. Service of a copy of the original complaint would be wasted effort, for that pleading is dead, being superseded in its entirety by the new complaint.''

As the so-called supplemental pleading was complete in itself and alleged a desertion which occurred almost two years before it was filed, and was filed on a stipulation of the parties which was accepted and acted on by the court, the question now urged is without merit.

The supplemental complaint alleged: ''That on or about the 15th day of August, 1937, and for more than one year preceding said date, the said defendant and cross-complainant, disregarding the solemnity of his marriage vows, wilfully and without cause deserted and abandoned the plaintiff, and ever since has and still continues to so wilfully and without cause desert and abandon said plaintiff and cross-defendant, and to live separate and apart from her, without any sufficient cause and without any reason and against her will and without her consent.''

The use of the word *preceding* in the foregoing allegation was clearly the result of a typographical error. The pleading was filed on stipulation to conform to the proof. The proof was that the desertion occurred in August or September, 1937, and continued thereafter. The balance of the allegations of the quoted paragraph clearly alleges that the desertion continued for about two years after the refusal to resume the marital relations before the supplemental complaint was filed. The use of the word ''preceding'' in the allegation at the most created an uncertainty in the pleading which, in view of the evidence which cleared the uncertainty, cannot be regarded as prejudicial.

It is true that findings separate from those contained in the interlocutory decree were not prepared and served on counsel for defendant. The interlocutory decree recites that the case ''therefore on stipulation proceeded to trial immediately as a default.'' This is recognized in the notice of motion filed by defendant wherein he sought to be relieved

of the stipulation in which the following appears: "Whereby the matter was allowed to proceed to trial immediately as a default."

Findings of fact were not waived but formal separate findings are not necessary in a default case. The stipulation that the case proceed to trial as a default case should be construed as a waiver of formal findings which are not required in default cases.

Defendant urges that the trial judge should have granted his motion to relieve him of the stipulation and to vacate the interlocutory decree under the provisions of section 473 of the Code of Civil Procedure.

Such a motion is usually committed to the sound discretion of the trial judge and his ruling will not be reversed except where there was a clear abuse of that discretion which does not appear here.

Defendant was represented at the time of the stipulation and trial by able counsel. He was present in court during all of the proceedings had on July 28, 1939. In his affidavit defendant failed to deny the testimony of plaintiff and her mother concerning the request that he return to plaintiff and resume marital relations with her and his refusal of this request. In making his motion he was content to rest on the following averments in his affidavit:

"That affiant did not desert or abandon plaintiff and cross-defendant. . . . That at the time of the filing of said complaint and amended complaint for separate maintenance, plaintiff and cross-defendant did not desire and refused to reside and cohabit with defendant and cross-complainant. That at the said time and prior thereto and thereafter defendant and cross-complainant desired to and did and performed each and every act and thing within affiant's ability to do and perform for the purpose of reconciling the parties and with and for the purpose of continuing to live and cohabit with plaintiff and cross-defendant. That plaintiff and cross-defendant at all times hereinabove mentioned refused to live or cohabit with affiant and desired and performed each and every act for the purpose of living separate and apart from affiant."

The first statement that he did not desert or abandon plaintiff is clearly a conclusion of law. The balance of the quoted paragraph clearly relates to the times of filing

the complaint and the amended complaint for separate maintenance, which were before plaintiff requested him to return to her. Thus this affidavit cannot be construed as contradiction of her testimony that she in good faith asked him to return to her and that he refused. In defendant's answer filed with his affidavit he merely denied the allegation of desertion generally.

That his real reason for desiring to reopen the case was the financial obligation imposed upon him by the interlocutory decree in accordance with and under the terms of his stipulation is clear from the following paragraph of his affidavit:

"That affiant was present in court upon the said hearing. That the nature of the proceedings then taken was explained to affiant; however, affiant understood that the payments required were for the benefit of affiant's children only, and subject to immediate modification in the event the same be inequitable and disproportionate. That affiant was not told and did not realize that affiant was deprived of all of his separate property, and was in addition thereto burdened with expenditures with respect to said separate property."

This portion of the affidavit shows that defendant failed to understand the effect of the interlocutory decree. The award of $175 per month was made subject to further order of the court and was therefore "subject to immediate modification" in a proper proceeding and upon sufficient showing made. Defendant was not "deprived of all of his separate property." The home was awarded to him as his separate property subject to the right of plaintiff and the two children to live in it "for a minimum period of three (3) years" and thereafter "such residence shall be subject to the further order of the court." Little weight can be given to the statement that defendant understood that the monthly payments were to be for the exclusive benefit of the two children and not also for the benefit of their mother in view of the stipulation that they were to be made for the support of the three and the further fact that for more than two and one-half years defendant had been paying plaintiff $150 per month for her support and that of the two children.

We seriously question the sufficiency of the showing made of "mistake, inadvertence, surprise or excusable neglect" on the part of defendant to support an order relieving him from

the stipulations and vacating the interlocutory decree had one been made. In any event, there was no breach of discretion in denying his motion.

The judgment and order appealed from are and each of them is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied December 5, 1941, and appellant's petition for a hearing by the Supreme Court was denied December 31, 1941.