**HOLMES, Plaintiff-Appellee, v HOLMES, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6910. Decided February 9, 1948.

Arthur C. Fricke and Miss Ruth Neiderlehner, Cincinnati, for plaintiff-appellee.

Messrs. Rosen & Rosen, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

The trial court granted the plaintiff a divorce from the defendant on the ground of wilful absence for three years.

On this appeal, many reasons are assigned for reversing this judgment.

(1) It is said that the plaintiff never provided a home and that, therefore, the defendant's absence was not wilful.

It is true that during the sixteen years that this marriage subsisted, no permanent home was established. This resulted from the fact that their occupations were in different localities practically all the time. The failure to establish a home was attributable as much to the defendant as to the plaintiff.

We do not understand that wilful absence can exist only when a permanent home is established.

(2) It is said that divorce proceedings were pending during much of the time covered by the period of absence and that this time cannot be included in computing the time no matter how wilful and unjustified the absence may have been and no matter how unrelated the absence was to the grounds upon which the pending divorce case was predicated.

We do not find any such inflexible rule. Whether the time covered by the pendency of the divorce case may be included in calculating the duration of the wilful absence depends upon circumstances. 17 Am. Jur., (sec. 109), 208.

(3) It is said that the plaintiff has been guilty of adultery and that that is a bar to a divorce. The evidence shows that the plaintiff went through the form of a marriage with another woman with whom he lived and to whom a child was born.

That fact does not necessarily constitute adultery. 17 Am. Jur., (sec. 37), 170. There is evidence in this case that a divorce had been granted when plaintiff entered into the marital relation with this other woman, that this divorce was

later set aside, and that as soon as he was notified of it, he discontinued his relation with the other woman.

(4) If the plaintiff and his witnesses were believed, the defendant wilfully and voluntarily left him in 1940, declaring that the separation was final and that she never returned or offered to return. The trial court believed this testimony. The defendant was, therefore, found to have been wilfully absent for more than three years, and the court awarded a divorce on that ground.

The trial court found that the plaintiff's conduct was not a bar to the granting of a divorce, and that nothing was shown to reduce the period of wilful absence to less than three years.

We find substantial evidence in the record to support the finding of the court.

The judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.