## 19957. BORN v. BORN.

SUBMITTED JANUARY 16, 1958—DECIDED FEBRUARY 10, 1958.

*Paul Webb, Jr., Bertram S. Boley,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, Tench C. Coxe, Harold C. McKenzie,* contra.

ALMAND, Justice. The judgment under review is one overruling a general demurrer to a petition for divorce on the ground of desertion.

Anthony J. Born alleged in his petition that he was a resident of this State and that, while on duty overseas as a member of the United States Air Force, he married the defendant, Jacqueline C. Born, in Marrakech, French Morocco, in June, 1953. In October, 1955, he filed suit for divorce in the French Tribunal in Marrakech on the ground of adultery. At a hearing before the French Tribunal on January 6, 1956, in response to his offer of reconciliation, the defendant formally announced that she refused to return with the plaintiff and live with him in the United States. At the end of his overseas duties, the petitioner returned to the United States in February, 1956, and thereafter returned to French Morocco in July, 1956, in search of the defendant and their minor child; and being unable to locate them, he withdrew his suit for divorce since the sole purpose of the suit was to gain custody of his child. Petitioner further alleged that, although he has written the defendant several letters beginning in February, 1956, "telling her he will forgive her if she will return to him, she has remained steadfast in her refusal to join petitioner in the

United States; and such conduct on her part constitutes wilful, continuous desertion of petitioner for a period of some fourteen months."

It is asserted by counsel for the wife that the petition on its face shows that the alleged desertion on the part of the defendant was not continuous for a period of twelve months, in that the pending suit by the husband for a divorce in the French court constituted consent on the part of the husband for the parties to live separate and apart, and no part of the parties' separation pending the action in the French court may be computed as a part of the twelve-month period required under Code § 30-102 (7) before a suit for divorce on the ground of desertion can be filed in this State. In support of her contention that no part of the period of separation which is the legitimate, actual and direct cause of a pending divorce proceeding can be reckoned as any portion of the period of twelve months which must fully expire before an action for divorce on the ground of desertion can be commenced, the defendant cites many authorities from jurisdictions other than this State, such as Craskin v. Craskin, 288 Mass. 56 (192 N. E. 314), and Jacobs v. Jacobs, 100 N. J. Eq. 482 (135 Atl. 792).

This precise question has never been passed upon by this court. In *Cagle* v. *Cagle*, 193 *Ga.* 34 (17 S. E. 2d 75), desertion, within the meaning of our statute, is defined as "the voluntary separation of one of the married parties from the other, or *the voluntary refusal to renew a suspended cohabitation, without justification either in the consent or the wrongful conduct of the other."* (Italics ours.) A separation by mutual consent of the parties does not constitute desertion, and a libel for divorce by the husband on grounds other than desertion is equivalent to a separation by consent. Ford v. Ford, 143 Mass. 577 (10 N. E. 474). If the husband requests a resumption of the marital relation and a reconciliation in good faith, the refusal of the wife to resume cohabitation without justification or reasonable excuse manifests an intent to stay away and may constitute desertion on her part. Tipton v. Tipton, 169 Ia. 182 (151 N. W. 90, Ann. Cas. 1916C 360) ; Power v. Power, 66 N. J. Eq. 320 (58 Atl. 192, 105 Am. St. R. 653) ; Ringgold v. Ringgold, 128 Va. 485 (104 S. E. 836, 12 A.L.R. 1383) ; Vanderburgh v. Vanderburgh, 152 Minn. 189 (188 N. W. 276) ; and the annotation in 34 A. L. R. 2d 964. The offer

of reconciliation must be absolute and complete and show clearly that the party making the offer is willing to return and resume marital relations. Schouler: "Marriage, Divorce, Separation and Domestic Relations" (6th Ed.), Vol. 2 1851, § 1634; "Schouler Divorce Manual", 153, § 118. Although, under some circumstances, the pendency of an application for divorce by the husband against the wife might compel the inference that the separation was consented to or was with sufficient cause, the pendency of such action is an evidentiary fact bearing upon the question of whether or not the separation during its pendency was wilful and, like other evidence, may be outweighed and overcome. Easter *v.* Easter, 75 N. H. 270 (73 Atl. 30, 139 Am. St. R. 688); Holmes *v.* Holmes, 82 Ohio App. 33 (80 N. E. 2d 507); Betts *v.* Betts, (Fla.) 63 So. 2d 302; Hartpence *v.* Hartpence, (N. J. Ch.) 121 Atl. 513. In Appleton *v.* Appleton, 97 Wash. 199 (166 Pac. 61), it was held that where, after a wife had obtained a decree of separate maintenance, she rejected the husband's offer of reconciliation and refused to return to him and continued this refusal for the statutory period required for desertion, whether she was guilty of desertion was a question for the jury.

The instant suit was filed on April 23, 1957. It is alleged that, on January 6, 1956, while the husband's suit was pending in the French court, he offered a reconciliation and the defendant refused without cause to resume marital relations. Whether the husband's offer was made in good faith, or the refusal of the wife to resume marital relations was justified under the circumstances, are questions for the determination of a jury in fixing the time the period of desertion began, and cannot be resolved on demurrer. The mere pendency of a suit for several months after the offer of reconciliation was made would not alone be controlling on the question as to when the period of desertion began. From the allegations in the petition, it does not appear that the defendant would have accepted the plaintiff's offer of reconciliation if the action had been dismissed, and the mere pendency of the action for several months after the offer of reconciliation was made and refused would not, standing alone, be decisive of the question as to when the period of desertion began. Compare Cohn *v.* Cohn, 47 Cal. App. 2d 683 (118 Pac. 2d 903); Thornton *v.* Thornton, 298 Ill. App. 421 (19 N. E. 2d 225).

We have examined the many cases cited by counsel for the wife which hold that no part of the period during the pendency of a prior divorce action can be reckoned as any part of the period which must expire before an action for a divorce on the ground of desertion can be commenced; and in only two was there an offer of reconciliation made during the pendency of the prior action (Thornton *v.* Thornton, 298 Ill. App. 421, supra, and Cohn *v.* Cohn, 47 Cal. App. 2d 683, supra). In the latter case, it was held: "Where husband unconditionally refused wife's request to return to her and to resume marital relations with her, wife could predicate 'desertion' on that refusal as a basis for a divorce action without offering to dismiss her action for separate maintenance then pending."

■ The husband, being under a duty to provide a home for his family, has the right, acting reasonably, to select where the family will reside, without the consent of the wife; and where she refuses without good reason to go to the place of residence selected by the husband, this will constitute abandonment or desertion by the wife. The allegations in the petition were sufficient, as against a general demurrer, to charge desertion on the part of the defendant in her refusal to live with him at his home in the United States. *Perkerson* v. *Perkerson,* 157 *Ga.* 589 (122 S. F. 53); *Pace* v. *Pace,* 154 Ga. 712 (115 S. E. 65).

It was not error to overrule the defendant's general demurrer.

*Judgment affirmed. All the Justices concur.*