29093. IVEY v. IVEY.

UNDERCOFLER, Justice.

Patricia S. Ivey filed a complaint for divorce on July 9, 1971, against Harold W. Ivey on the ground of cruel treatment. On July 27, 1971, the defendant denied the acts of cruelty alleged and asserted that the complainant abandoned him "without just cause in the dead of night and is entitled to no alimony." The defendant amended his answer on November 29, 1971, and sought to obtain a divorce on the ground of cruel treatment. On August 23, 1973, the defendant again amended his answer and sought to obtain a divorce on the ground of desertion.

After hearing the evidence, the jury returned a verdict in favor of the defendant husband. The wife filed an amended motion for new trial and contended that the verdict was contrary to law and without evidence to support it because it was not shown that the complainant had wilfully deserted the defendant without his consent continuously for a period of more than one year. Code Ann. § 30-102 (7) (as amended Ga. L. 1973, p. 557). The amended motion for new trial was overruled by the trial court and the appeal is from this judgment. *Held:*

1. The appellant argues that the defendant husband did not seek a divorce on the ground of desertion until August 23, 1973, and that therefore when the jury returned its verdict on October 4, 1973, desertion for one year had not been shown.

Code Ann. § 30-106 (Ga. L. 1946, pp. 90, 92) provides: "When a petition for divorce shall be filed, the respondent may, in his or her plea and answer recriminate, and ask a divorce in his or her favor; and if, on the trial, the court or jury shall believe that such

party, instead of the petitioner, is entitled to divorce, they may so find upon legal proof, so as to avoid the necessity of a cross action."

The answer of the defendant in this case filed on July 27, 1971, asserted that the complainant had abandoned him "without just cause in the dead of night and is entitled to no alimony." The evidence shows that the complainant left the home of the defendant on July 8, 1971.

Divorce proceedings are governed by the Civil Practice Act. Code Ann. § 81A-181 (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109). The Civil Practice Act provides that ". . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Code Ann. § 81A-154 (c) (Ga. L. 1966, pp. 609, 658).

Therefore the allegations in the answer of the defendant filed on July 27, 1971, were sufficient to put the complainant on notice that the defendant contended she had abandoned him and it was not necessary that he demand a divorce on the ground of desertion under the provisions of Code Ann. § 81A-154 (c).

2. The appellant also contends that there is no evidence that she wilfully deserted the defendant without his consent because the divorce suit was pending during the time of the alleged desertion and it constituted consent for the parties to live separate and apart and no part of this separation could be computed as part of the one year period required under Code Ann. § 30-102 (7) (as amended, Ga. L. 1973, p. 557.)

The evidence shows that in the presence of a witness in September, 1971, the defendant made a bona fide effort to get his wife to return to his home and he testified that his home was continuously open to her.

In *Born v. Born,* 213 Ga. 830, 832 (102 SE2d 170) on a divorce petition alleging adultery this court said: ". . . while the husband's suit was pending in the French court, he offered a reconciliation and the defendant refused without cause to resume marital relations. Whether the husband's offer was made in good faith, or the refusal of the wife to resume marital relations was justified under

the circumstances, are questions for the determination of a jury in fixing the time the period of desertion began, and cannot be resolved on demurrer. The mere pendency of a suit for several months after the offer of reconciliation was made would not alone be controlling on the question as to when the period of desertion began."

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur specially.*

ARGUED SEPTEMBER 12, 1974 — DECIDED OCTOBER 1, 1974 — REHEARING DENIED OCTOBER 17, 1974.

*Westmoreland, Hall, McGee & Warner, Harry P. Hall, Jr., J. M. Crawford,* for appellant.
*Alex McLennan,* for appellee.