[L. A. No. 3125. Department One.—May 5, 1913.]

## CHARLES O. LOWMAN, Appellant, v. IDA M. LOWMAN, Respondent.

DIVORCE—DESERTION—WIFE LEAVING RESIDENCE OF HUSBAND.—A wife who, without sufficient legal cause, leaves the reasonable place of living of the husband, is guilty of desertion, entitling the husband to a divorce. Upon such desertion being established, it is the duty of the court to grant the divorce.

APPEAL from a judgment of the Superior Court of Los Angeles County. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Hester, Merrill & Craig, for Appellant.

SHAW, J.—The plaintiff sued the defendant to obtain a decree of divorce. The defendant made default, the case was thereupon tried before the court, and after hearing the evidence judgment was given denying the divorce prayed for. From this judgment the plaintiff appeals.

The cause of divorce stated in the complaint was that the defendant had willfully and without cause deserted the plaintiff and continued to live apart from him, against his will and without his consent. The evidence shows that the plaintiff and defendant were living together in Los Angeles, the plaintiff engaged in the business of running an express wagon and the defendant taking care of the house and keeping boarders therein. On the twenty-seventh day of June, 1908, the defendant informed the plaintiff that "we are going to move." The family at that time consisted of the plaintiff and defendant and three grown children, two boys and a girl. On July 1, 1908, the defendant moved a large part of the furniture in the house into another house about a block away, taking the children with her, and thereafter she continued to live apart from the plaintiff. The plaintiff took no part in making this move and did not consent thereto. There was evidence of other witnesses in corroboration of these facts. Additional witnesses to the same facts were pro-

duced, but the court stated that it would presume that they would testify to the same effect, and they were not examined. The evidence showed that there had been no disagreement between the plaintiff and defendant, and that there was no sufficient legal cause for the defendant to leave the plaintiff's residence or remain separate or apart from him. Ever since this desertion the plaintiff has continued to live in the house which the defendant left.

The evidence sufficiently established the desertion upon which the action was based. The statute makes such desertion a cause for divorce, and it is the duty of the court to grant the divorce when in a proper action the evidence proves such cause. We can perceive no sufficient reason for the denial of the divorce in this instance.

The judgment is reversed.

Sloss, J., and Angellotti, J., concurred.