[L. A. No. 4459. Department Two.—November 19, 1918.]

## JOHN C. STEDMAN, Appellant, v. LILLIE STEDMAN, Respondent.

DIVORCE—EVIDENCE—TESTIMONY OF PARTIES ALONE INSUFFICIENT.—In a suit for divorce, the testimony of both parties is insufficient without corroboration to entitle the plaintiff to a decree.

ID.—CREDIBILITY OF WITNESSES — APPEAL — PRESUMPTION.—The trial court is the exclusive judge of the credibility of witnesses, and is no more required to believe two witnesses than one; and where the trial court denied a divorce in a case in which the plaintiff and defendant both testified in support of plaintiff's charge of desertion, it must be assumed on appeal that the court disbelieved these witnesses, particularly in view of the fact that their testimony alone is made insufficient, and weak corroboration was offered where stronger evidence was possible.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William T. Blakely, for Appellant.

No appearance for Respondent.

WILBUR, J.—Plaintiff appeals from a judgment denying him a divorce after default of the defendant.  Respondent files no brief.  The complaint charges desertion after forty years of married life, and the defendant, appearing as a witness in pursuance of a rule of court requiring her to be subpoenaed, testified circumstantially to her desertion of the plaintiff.  That on January 24, 1914, she had left the house and had taken a large part of the furniture, and that she intended to desert the plaintiff and that she desired that plaintiff be granted a decree.  The plaintiff also testified to the circumstances of the separation.  Both witnesses, if believed, established desertion.  The testimony of both, however, was insufficient without corroboration to entitle the plaintiff to a decree.  (Civ. Code, sec. 130.)  Three witnesses were called by the plaintiff in corroboration and one testified that he called at plaintiff's house two days after the alleged desertion and that it looked "pretty vacant."  A neighbor testified that he saw defendant moving some furniture out of the house.  A son of the parties testified that in response to a telephone from a neighbor he went to the home of plaintiff and found him alone and ill, the house scantily furnished; that he took his father, the plaintiff, home with him, and that the plaintiff and defendant had not lived together from that time (more than a year before the complaint was filed). It appeared from the testimony of the plaintiff that the youngest son and the daughter of the parties were living in the house at the time of the separation, were present at the time of the separation, heard what transpired between them, and went away with the defendant.  It further appears from the transcript that another divorce action had been tried between the same parties, before the judge who tried this action, and that a decree had been denied two days before the alleged desertion upon which this complaint was based.  The

files in the former suit were introduced in evidence, but are
not set forth in the clerk's transcript as required by law.
Findings of fact were filed by the court, deciding that de-
fendant did not desert or abandon the plaintiff without fault
on his part or at all. "On the contrary, he did not want to
live with her any more than she wanted to live with him."
According to the transcript, at the close of the case the judge
said: "I do not think the evidence is sufficient here to war-
rant a decree. In the first place, the circumstances are not
shown, and the only two witnesses who could tell anything
are not here. It is easy enough to get them here, and they
are not brought. It was a simple fact about the way the
people lived before there was a suit pending and both of
them hung on to the same house and both of them wanted to
live in the same house, although they were fighting and scrap-
ping at [all] the time, and the situation was such that she
would not speak to him. Now, I passed on that, and decided
in that other case that up to that time there was no desertion,
and I do not think the fact that people have been living the
way they lived, occupying separate parts of the house, proves
desertion." Notwithstanding the statement of the court that
he was influenced in his decision by the failure to produce the
evidence of two witnesses to the separation whose attendance
could be readily secured, and the other witnesses testified to
the mere fact of separation, no offer was made to secure the
attendance of such witnesses.

This case illustrates the difficulty presented by our present
divorce laws, which throw upon the trial court the duty of
protecting the public interest by preventing divorce and also
the duty of weighing the testimony as a judge. The whole
matrimonial difficulties of this couple, who should have been
celebrating the fortieth anniversary of their wedding instead
of seeking a divorce, had been tried out in an adversary pro-
ceeding, but two days before this alleged desertion occurred,
and the same judge is now confronted by the parties seeking
a new divorce on a new ground.

Unless we are prepared to hold that testimony barely suffi-
cient, when taken at its face value, requires the court, in the
absence of conflicting testimony, to grant a divorce, the judg-
ment must be affirmed. The trial court is the exclusive judge
of the credibility of witnesses, and is no more required to be-
lieve two witnesses than one, and we are to assume that the

court did disbelieve these witnesses, particularly in view of the fact that their testimony alone is made by law insufficient, and weak corroboration was offered where stronger evidence was possible. The court was bound to presume under the circumstances that their testimony would be unfavorable, and was for that reason suppressed. (Code Civ. Proc., sec. 1963, subds. 5, 6; sec. 2061, subds. 6, 7.)

Judgment affirmed.

Melvin, J., and Lorigan, J., concurred.