[Civ. No. 4685. First Appellate District, Division Two.—December 19, 1923.]

ERNEST L. SWEET, Appellant, v. HAZEL E. SWEET, Respondent.

[1] DIVORCE—DESERTION—INTENT—EVIDENCE—CORROBORATION.—A divorce upon the ground of desertion is properly denied where the testimony of plaintiff goes to the fact that he and defendant are living separate and apart and that the separation occurred by reason of the wife going to another city, and the corroboration tendered by plaintiff is to the effect that the wife is residing in such other city, and there is no corroboration, and in fact no direct testimony, that when defendant left the domicile of plaintiff she did so with intent to desert.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. S. White for Appellant.

No appearance for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to obtain a decree of divorce from the defendant on the ground of desertion. The defendant did not appear, her default was entered, and the plaintiff thereafter introduced evidence and the trial court denied him a decree. From that judgment the plaintiff has appealed under section 953a of the Code of Civil Procedure.

The case was called for trial on November 22, 1922. The plaintiff took the stand and testified that he and the defendant had resided at Salinas for about two years when, on the first day of December, 1920, she left his bed and board; when she left it was against his will and without his consent; he did not know any particular reason why she left, only she did not want to live there; it is a fact that she showed a disposition, or rather her idea was she did not care particularly to live with him any more, she wanted to go home and live at San Jose where her folks were. Several of the foregoing statements were made in reply to leading questions and some were made as mere conclusions—the witness not stating any probative facts. After the plaintiff had left the stand Erwin Collins testified that he knew that the defendant resided at San Jose at the time of the trial. He had known Ernest Sweet for the last two years and Mrs. Sweet had not been at Salinas during that time. He knew Ernest Sweet and knew where he lived at the time of the trial; he lived alone and had lived alone for a period of two years. Thereupon the trial court remarked, "It will require additional corroboration. The mere living apart is not sufficient. You will have to show the wife was at fault. I will have to have something to show that she deserted her husband—that she stated to someone, or admitted in some way she did not intend to live with her husband, or did not intend to come to Salinas. That corroborative proof is necessary." The further hearing of the action was continued until December 28, 1922. At that time Mrs. H. H. Hellman was called as a witness and testified that she knew the defendant; that the defendant at the time of the trial resided at San Jose, and had resided there probably around about a year. "She is working in Gross & Sons dry-goods store and has an apartment house she rents. She has been renting it for about a year." In reply to questions propounded by the court the witness

testified that she had known the defendant for about fifteen years; that she knew her before she was married; that she saw her in Salinas; but the defendant never in any way directly or indirectly mentioned her domestic unhappiness. From general appearances the witness did not think the defendant and her husband were getting along well together; she saw nothing in particular, but just the general attitude of both of them. "If the defendant had been unhappy our relations were not such that she would have told me those things." Thereupon the trial court denied the decree.

In support of his appeal the plaintiff relies on the decisions entitled *Morrison* v. *Morrison,* 20 Cal. 431; *Benkert* v. *Benkert,* 32 Cal. 467; *Lowman* v. *Lowman,* 165 Cal. 352 [132 Pac. 439]. The first two cases were decided before section 130 of the Civil Code was enacted. The last case cited is not at all helpful. After stating the facts testified to by the plaintiff in that case, the supreme court in its decision states: "There was evidence of other witnesses in corroboration of these facts." An examination of the record in that case shows that the corroboration was the testimony of an eye-witness who saw and heard everything that the husband had testified to regarding the facts constituting the desertion. [1] In the instant case it will be noted that the testimony went to the fact that the plaintiff and defendant were living separate and apart, and that the separation occurred by reason of the wife going to San Jose. The corroboration tendered by the plaintiff was to the effect that the wife was residing in San Jose. There was not a particle of corroboration and in fact there was no direct testimony that when the wife left the domicile she did so "with intent to desert." (Civ. Code, sec. 95.) The plaintiff made no claim that his cause of action rested on the provisions of sections 96–99 of the Civil Code. No direct evidence and no corroboration was offered as showing, or tending to show, that the separation was amicable in the beginning, but that thereafter "the intent to desert was fixed during such absence or separation." (Civ. Code, sec. 100.) Neither was there any evidence, direct or corroborative, to the effect that after the defendant left the plaintiff's home the plaintiff sought a reconciliation, etc., and the defendant refused the same. (Civ. Code, sec. 101.)

In the case of *Hayes* v. *Hayes,* 144 Cal. 625 [78 Pac. 19], the supreme court had before it a cause of action for desertion which purported to rest on section 96 of the Civil Code. The court, among other things, held that there was no corroboration except perchance an alleged admission by the defendant, and that such admission should have been corroborated to constitute sufficient proof. In the case of *Kenniston* v. *Kenniston,* 6 Cal. App. 657 [92 Pac. 1037], the court was considering a cause of action which it was claimed rested on section 95 of the Civil Code, or, as claimed at another time, on section 102 of the Civil Code. It was argued that section 130 of the Civil Code was enacted to prevent collusion between the parties. On page 661 of 6 Cal. App. the court said: "Of these facts the court must be satisfied, but that conviction must rest in part at least upon corroborative evidence as provided by the statute. There seems to be no commanding reason why there should be any abatement of the rigorous requirement of the rule or any attempt by judicial action to enlarge the door of escape from the conjugal yoke and its corresponding obligations." *Corder* v. *Corder* (N. J. Ch.), 59 Atl. 309, is a case that is almost parallel in its facts: "The original separation of the husband and wife in this case and the circumstances of it are proved only by the oath of the petitioner. The corroboration of the petitioner as to the fact that subsequent to the separation the wife lived alone is not a sufficient corroboration of the desertion charged. It proved a continuance of a separation, but not that the original separation was a desertion." The case of *Stedman* v. *Stedman,* 179 Cal. 288 [176 Pac. 437], is a case that is stronger in its facts in support of the appellant's contentions. But, in that case, as in this case, when the plaintiff's evidence had been received the trial court called attention to the missing proof and yet the plaintiff did not supply, nor offer to supply, the same. In that case the supreme court looked upon that feature as being determinative of what was otherwise a very close case. It therefore affirmed the judgment of the trial court denying the decree.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.