[Civ. No. 4739. First Appellate District, Division Two.—April 28, 1924.]

## EFFIE M. SCHMID, Respondent, v. OTTO O. SCHMID, Appellant.

[1] DIVORCE—DESERTION—CORROBORATION.—In this action by the wife for divorce on the grounds of willful neglect and extreme cruelty, in which the husband filed a cross-complaint for divorce on the ground of desertion, the evidence having shown without conflict that plaintiff left her home with the consent of defendant for the purpose of making a visit with relatives in another city, therefore, conceding that plaintiff thereafter formed the intention of deserting defendant, the latter's testimony of his wife's desertion was not corroborated by the testimony of a neighbor, who testified merely that plaintiff had gone away from her home about a year before and that defendant continued to live there after plaintiff was gone.

(1) 19 **C. J.**, p. 134, sec. 349.

APPEAL from a judgment of the Superior Court of Napa County. Percy S. King, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clarence N. Riggins for Appellant.

E. L. Webber for Respondent.

NOURSE, J.—Plaintiff sued for a divorce on the grounds of willful neglect and extreme cruelty. Defendant filed a cross-complaint on the ground of desertion. The court found that defendant was not guilty of neglect or cruelty and that plaintiff was not guilty of desertion. It then denied a divorce to each party. Defendant appeals from that portion of the judgment denying him a divorce on his cross-complaint. The action was commenced on January 23, 1923. The cross-complaint was filed on March 7, 1923, and the alleged desertion occurred on March 5, 1922. The facts

1. Granting of divorce on uncorroborated testimony of party or parties, note, **Ann. Cas.** 1913B, 3. See, also, 9 **Cal. Jur.** 741; 9 **R. C. L.** 435.

of the case so far as material are that the plaintiff and defendant were married in 1905 and have three children, a boy aged fifteen, a girl aged eight and a girl aged six. The defendant has had no trade but has worked at odd jobs, earning usually less than one hundred dollars a month, from which he has endeavored to support his wife and children and pay for a small home which he and his wife were purchasing on the installment plan. His earning capacity was insufficient to support the family and on that account the wife left his home in Napa and went to Santa Rosa, taking the two girls with her. There she obtained employment through which she was able to supplement the earnings of her husband for the support of the family. She testified that the defendant had continually nagged her regarding her expenditures in and about the home, and that when she left the home it was with the definite intention of separating from her husband because of his inability to support the family.

[1] The appellant insists that upon this state of facts the trial court should have found that the separation on the part of the wife was with the intent to desert her husband. The respondent has not appeared upon this appeal and we are left to the appellant's brief alone for a presentation of the issues involved. It would serve little purpose to give consideration to the cases therein cited on the general question of what constitutes desertion, inasmuch as we are satisfied that the judgment must be affirmed because the corroborating evidence of the alleged desertion on the part of the wife is wholly insufficient for that purpose. Outside of the admissions of the wife herself, the only evidence offered to corroborate the husband's testimony of his wife's desertion is that of a neighbor, who testified merely that Mrs. Schmid had gone away from her home about a year ago and that Mr. Schmid continued living there after she had gone. The evidence is without conflict that the wife left her home with the consent of her husband for the purpose of making a visit with relatives in Santa Rosa. It is then contended on the part of the husband that she thereafter formed the intention of deserting him, and, of course, this was a matter concerning which the neighbor was unable to testify. The case is similar to *Sweet* v. *Sweet,* 64 Cal. App. 786 [222 Pac.

634]. As the cases on the subject are fully discussed therein, it is unnecessary to make further comment here.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1924.

All the Justices concurred.