[Civ. No. 10930. Second Appellate District, Division Two.—April 15, 1936.]

EUGENE P. GLEASON, Respondent, v. MARJORIE L. GLEASON, Appellant.

G. Harold Janeway for Appellant.

William Barnett Spivak for Respondent.

GOULD, J., *pro tem.*— It is a primary tenet of California divorce law that no divorce can be granted upon the uncorroborated statement, admission or testimony of the parties. (Civ. Code, sec. 130.) True, it has been held that this provision is mainly for the purpose of preventing collusion (*Andrews* v. *Andrews*, 120 Cal. 184 [52 Pac. 298]) ; and even though the corroboration need not be as to all matters alleged in an action for divorce on the ground of extreme cruelty (*Avery* v. *Avery*, 148 Cal. 239 [82 Pac. 967]), yet the general rule is that there must be corroboration as to "at least a considerable number of important and material facts". (*Wolff* v. *Wolff*, 102 Cal. 433 [36 Pac. 767, 1037].)

In the within action for divorce upon the ground of extreme cruelty the court granted plaintiff husband a decree, and defendant wife appeals upon the sole ground that there was insufficient corroborating evidence to sustain such action. Prior to the commencement of this suit the wife, on June 26, 1933, obtained an interlocutory decree of divorce from respondent upon the ground of extreme cruelty; they later became reconciled and in November of that year started to live together again, the husband signing a statement to the effect that he sincerely regretted his past actions and that he would give his wife no future cause for divorce. Less than two months thereafter the husband filed the action here under

consideration, to the complete surprise of the wife, she testified.

We have examined the record carefully, and aside from corroboration as to the residence of respondent for the statutory period there is almost a complete lack of corroborative testimony bearing upon any material matter. The corroboration claimed by respondent is only in the testimony of one witness, Young, and he supports respondent's charges of extreme cruelty only in quite inconsequential points. In fact, the only tangible shred of corroboration in his testimony is his statement that appellant, in the presence of the witness and respondent, stated that "she believed that all he [her husband] was doing was just being damned onery, getting her to move". We cannot reach the conclusion that the corroboration required by law is present in this case.

Appellant also had a cross-complaint for divorce before the court for consideration. No findings with respect to its allegations were made and no judgment was rendered as to it. Her suggestion that this court enter findings and judgment upon the evidence in the record is not warranted, but the matter should be disposed of upon rehearing in the trial court.

Judgment reversed.

Wood, J., and Crail, P. J., concurred.