[Civ. No. 10577. First Appellate District, Division Two.—June 8, 1939.]

JOSEPHINE K. MOHR, Respondent, v. GEORGE L. MOHR, Appellant.

Breed, Burpee & Robinson for Appellant.

Myron Harris for Respondent.

SPENCE, J.—This is an appeal by defendant, George L. Mohr, upon the judgment roll, from that portion of the judgment in the above-entitled action by which plaintiff was awarded $100 per month for her support. Said defendant also appeals from an order awarding plaintiff the sum of $1,100 as counsel fees.

By her amended complaint, plaintiff sought a divorce from defendant George L. Mohr and also sought to quiet title to certain property as against defendant Frank Mohr. Defendant George L. Mohr filed an answer and cross-complaint and defendant Frank Mohr filed an answer. The judgment determined the property rights between the parties and no appeal has been taken from those portions of the judgment dealing with the property rights. However, the findings of the trial court with respect to the property rights of the spouses are discussed by the parties in arguing the questions presented here and reference will be made thereto in summarizing the findings.

The trial court found that defendant was chargeable with extreme cruelty toward plaintiff but also found that plaintiff was chargeable with extreme cruelty toward defendant. It was therefore decreed that neither spouse was entitled to a divorce.

The trial court further found that certain property was the community property of the spouses. This community property consisted of equities in two parcels of real property and some personal property. The net value of said community property was found to be not less than $4,000 nor more than $8,000. Each party was awarded an undivided one-half interest in said community property. It was further found that the spouses and defendant Frank Mohr, their son, were the owners, as joint tenants, of eight parcels of real property. The value of said property, over and above encumbrances, was found to be not less than $60,000 nor more than $120,000.

In the findings filed in support of the judgment, the trial court further found: "That plaintiff is of the age of fifty-six years or thereabouts, and not capable of supporting herself by her earnings. That defendant George L. Mohr is of the age of sixty-five years or thereabouts, was formerly

engaged in the contracting and building business and retired from said business during the year of 1926, and since said time has been engaged solely in the business of operating, maintaining and repairing the joint tenancy properties hereinafter described. That defendant George L. Mohr is well able, out of the income and principal of his undivided one-third interest in and to said joint tenancy properties, to pay plaintiff the sums hereinafter awarded for her support and maintenance.'' The trial court concluded that plaintiff was entitled to $100 per month for her support and by the judgment ordered that defendant George L. Mohr ''pay to plaintiff such sum as added to the income and proceeds received by plaintiff from the joint tenancy property hereinafter described will make a total of $100 per month''.

A motion for counsel fees was made prior to the commencement of the trial, and a stipulation was made by the parties that the court might determine said motion after the presentation of all of the evidence in the trial of the action. At the close of the trial, the order was made awarding the sum of $1100 as counsel fees. In making said order the trial court made findings that the joint tenancy property had at all times been managed, controlled and operated by defendant George L. Mohr; that plaintiff had no money or means to pay counsel fees without having recourse to the property in which she had but an undivided interest; that plaintiff was unable to earn money by employment and had no employment; that defendant George L. Mohr was capable of engaging in business and was engaged in managing and operating the community and joint tenancy properties and was ''well able to pay plaintiff a reasonable amount'' for counsel fees; and that $1100 was a reasonable amount. It was ordered that said amount be forthwith paid by said defendant to plaintiff.

The points made by appellant are found in two headings in appellant's briefs which headings appear in the form of questions. The first is as follows, ''Where it is found in a divorce action that both parties have committed acts constituting grounds for divorce and have been living separate and apart, and a divorce is denied to either on grounds of recrimination, does the court have power to award an allowance to the wife for her maintenance?'' In our opinion the answer to this question is that the court has the power

in its discretion to make an award to the wife under such circumstances, and that an award so made will not be disturbed on appeal except upon a showing of an abuse of discretion.

Section 136 of the Civil Code provides ''Though a judgment of divorce is denied, the court may, in an action for divorce, provide for the maintenance by the husband, of the wife and children of the marriage, or any of them.'' This section and other sections relating to awards for maintenance are discussed in *Broad* v. *Broad,* 35 Cal. App. 646 [170 Pac. 658]. The court there said at page 647, ''Under the language of these sections it appears that in a proceeding for divorce or maintenance the wife, if entitled to a divorce, may be awarded permanent alimony; and, on the other hand, even if a divorce be denied, still in the discretion of the trial court, if sound reason exist therefor, the husband may be compelled to provide for the support of his wife. Conditions may be such as not to entitle the wife to apply for a divorce, and yet the circumstances surrounding her marital life might be such as to render it obviously unjust to deny her all relief. Such, we think, might be the case where the wife was compelled to leave her home because of torment or insult suffered from her husband's relations living with them; or, if the husband had been guilty of all the grounds of divorce described in section 92 of the Civil Code except desertion, and upon a recriminatory plea in defense it was found that the wife had deserted him, and therefore could not be granted a divorce, the court could hardly send her back to live with her husband; and it would seem that under section 136 of the Civil Code, it might compel the husband to provide for her. (*Sweasey* v. *Sweasey,* 126 Cal. 123, 128 [58 Pac. 456].)''

We are in accord with the construction placed upon said sections in the opinion in the Broad case and believe that said construction sustains the power exercised by the trial court in making the award here. Appellant concedes that the language of said section 136 contains no limitations on the court's power, and that the limitations, if any, must be found in the authorities. We find no authority directly holding that there is any such limitation as that contended for by appellant. Appellant cites and relies upon *Mayr* v. *Mayr,* 161 Cal. 134 [118 Pac. 546], *Volkmar* v. *Volkmar,* 147 Cal. 175 [81 Pac. 413], *Hardy* v. *Hardy,* 97 Cal. 125 [31 Pac.

906], and *Hagle* v. *Hagle*, 74 Cal. 608 [16 Pac. 518], but all of said cases appear to be distinguishable.

In the Mayr case, it appears that the husband was not guilty of extreme cruelty; that the parties had voluntarily separated without fault on the part of the husband; and that the wife was capable of earning her own living. In the Volkmar case the court assumed from the record that the parties had voluntarily separated as it was "not intimated by the findings in this case that the original separation between these parties was due to any fault of the plaintiff husband". The Hardy case was concerned only with section 137 and in the Hagle case it was said at page 612, "We are not called upon to determine the power of the court under section 136, in cases of recrimination and other statutory defenses, and excuses for absence from the domicile."

If we are correct in our conclusion that the trial court had the power to make an award notwithstanding the fact that the divorce was denied because of recrimination, it appears unnecessary to discuss the propriety of the award in the sum of $100 per month. The appellant makes no claim that the trial court abused its discretion in making the award in that amount in the event that it had the power to make any award at all.

■ The second heading in appellant's brief reads, "Where it is found in a divorce action that the income and property rights of the spouses are identical, does the court have the power to award counsel fees to the plaintiff wife?" The question as thus stated might warrant extended consideration but the record before us, consisting of the judgment roll alone, does not present said question for our determination. There is nothing in the record to show that the "income and property rights of the spouses are identical". The record does show that they are equal owners in certain property described in the judgment, but there is nothing to show that appellant is not the owner of separate property or that his income or earnings are or will be limited to his share of the proceeds of the property described in the judgment. In fact, the findings made in the order awarding counsel fees show that appellant "is capable of engaging in business" and "is well able to pay to plaintiff a reasonable amount of money as and for attorney's fees". All presumptions are in favor of the validity of the order of the trial court (*Ramacciotti* v. *Ramacciotti*, 131 Cal. App. 191 [20 Pac. (2d)

961]) and we find nothing in the record before us to show any error or abuse of discretion on the part of the trial court in making the above-mentioned award of counsel fees.

The portion of the judgment appealed from is affirmed, and the order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.