[Civ. No. 14855.   Second Dist., Div. Two.   Aug. 17, 1945.]

ADELAIDE T. SERNS, Appellant, v. ARTHUR E. SERNS, Respondent.

Raymond D. Williamson, Arthur J. Healy, Leland Crawford and Henry T. Bailey for Appellant.

W. P. Butcher for Respondent.

WOOD (W. J.), Acting P. J.—This is an appeal from a judgment granting a decree of divorce to the cross-complainant on the ground of extreme cruelty. Appellant now asserts that the evidence is insufficient to support the findings and that the corroboration is insufficient to comply with the requirements of the law. At the time of their marriage, October 5, 1940, respondent was fifty-three years of age and appellant was forty-nine years old, both parties having been previously married. From the testimony of respondent it appears that appellant was extravagant in her living expenditures to such an extent that his practice as a physician was insufficient and he had to draw upon reserve funds. During all the period following the marriage he was in poor health; he did not care to argue with his wife and because he remained silent she called him a mouse. Appellant urged him to change the type of his practice and leave Santa Barbara. On at least one occasion she slapped him; she complained of his clothing and his table manners; she was jealous of his secretary, a young woman who with her brother had been left orphaned when they were fifteen years of age and respondent had since been helping them, giving the girl a job with him doing secretarial work. Notwithstanding this appellant wanted him to discharge his secretary. On various occasions when patients called at his home appellant surreptitiously listened in on conversations between him and his patients, and finally she told him to leave. Appellant in her testimony admitted that she had slapped respondent because she "thought he needed a good lesson." She also admitted listening in on his telephone conversations; admitted that she nagged him and stated that she had "persistently" argued with him on one subject for five days.

The evidence in the case is conflicting and in an action for divorce, like other actions, a finding of the trial court is binding if supported by sufficient evidence. This includes the finding of the infliction of grievous mental suffering by one party upon the other. In passing upon this

particular finding the trial court must consider all the circumstances of the case, including the intelligence and refinement of the party charging cruelty. The conclusion reached by the trial court will not be reversed on appeal unless the evidence is so slight as to indicate an abuse of discretion. (*Keener* v. *Keener*, 18 Cal.2d 445 [116 P.2d 1].) The evidence outlined above is ample to give support to the findings of the trial court.

■ The record discloses ample evidence to corroborate the testimony of respondent. The witness Ruth Steinert corroborated respondent's testimony that he was told to leave when she stated that appellant had called the office and given directions to "tell the doctor to get a truck to get his things." The household maid, Nellie Arrellanes, furnished corroboration for the testimony that appellant had listened in on the telephone conversations. T. H. Canfield, a business associate of respondent, testified concerning appellant's financial extravagances.

The extent of the corroboration necessary for the granting of a decree of divorce is not defined in any of our statutes. It is not necessary to corroborate all of the acts of cruelty charged by the party to whom the decree is granted. Where a number of charges of cruelty have been made, corroboration of a single act of cruelty may be sufficient. (*Ungemach* v. *Ungemach*, 61 Cal.App.2d 29 [142 P.2d 99]; *Keener* v. *Keener, supra.*) ■ Moreover, the rule requiring corroboration is not so strictly applied in hotly contested divorce actions as it is in actions where a decree is demanded upon the default of the opposing party. The principal object of the corroboration rule is to prevent collusion between the parties, and where it is clear from the evidence in a contested action that there is no collusion the court is justified in granting the decree upon evidence which is only slightly corroborated if otherwise the court is satisfied that the prevailing party is entitled to a decree. (*Minnich* v. *Minnich*, 127 Cal.App. 1 [15 P.2d 804]; *Ungemach* v. *Ungemach, supra.*)

The judgment is affirmed.

McComb, J., concurred.

A petition for a rehearing was denied September 6, 1945, and Appellant's petition for a hearing by the Supreme Court was denied October 15, 1945.