[Civ. No. 17270.   Second Dist., Div. Three.   May 10, 1950.]

IONE ROSE DEAN, Appellant, v. ANDREW DEAN, Respondent.

[Civ. No. 17271.   Second Dist., Div. Three.   May 10, 1950.]

ANDREW DEAN, Respondent, v. IONE DEAN et al., Defendants; IONE ROSE DEAN, Appellant.

C. C. Dillavou and F. Carlton Myers for Appellant.

James A. Starritt for Respondent.

VALLÉE, J.—Plaintiff wife sued defendant for a divorce and a determination of the property rights of the parties (action No. D347169). In a separate action, defendant sued plaintiff for a divorce and an equitable division of the community property of the parties (action No. D 347589). The complaint in each action alleged extreme cruelty. Pursuant to stipulation, the actions were consolidated for all purposes. In the action brought by the wife, judgment was entered denying her any relief. In the action brought by the husband an interlocutory judgment was entered granting him a divorce and ordering the wife to pay him $1,000 from a bank account. The wife appeals from the judgment in each action. The appeals have been submitted upon one set of briefs and will be decided in one opinion.

Appellant's first point is that the testimony of the husband was not corroborated. "No divorce can be granted . . . upon the uncorroborated statement, admission, or testimony of the parties . . ." (Civ. Code, § 130; *Truax* v. *Truax*, 62 Cal.App.2d 441, 444 [145 P.2d 88].) The husband testified. He did not present any evidence in corroboration of his testimony. Respondent says that the acts of cruelty testified to by him "are corroborated by appellant's failure to deny, and in part by the witness Bedrna." The failure of the wife "to deny" did not constitute corroboration of the testimony of the husband. Neither the testimony of one party nor the failure of that party to testify can be taken as corroboration of that of the other for the purpose of proving a cause for divorce. There must be evidence in support of the cause of action upon which the divorce is granted in addition to the evidence of either or both of the parties. (*Stedman* v. *Stedman*, 179 Cal. 288, 289 [176 P. 437]; *Lemberger* v. *Lemberger*, 55 Cal.App. 231, 235 [203 P. 786]; opinion of Supreme Court on denial of hearing; *Sweet* v. *Sweet*, 64 Cal.App. 786 [222 P. 634]; *Schmid* v. *Schmid*, 66 Cal.App. 765, 766 [227 P. 222].)

The witness Bedrna, a roomer in the house of the parties, was called by the wife to corroborate her testimony. The substance of his testimony is as follows: "There was a

good deal of arguing.'' He heard it rather vaguely. He could not recall any of its specifically. ''There seemed to be considerable antagonism and lack of ability to get together.'' On many occasions Mrs. Dean asked Mr. Dean to turn the radio down when it was playing late at night or loud. On rare occasions Mr. Dean did so. Mr. Dean ''had a tendency to come home in the evening and sleep early and get up about 9:30 or 10 o'clock and then he would be on the move there and playing the radio and doing considerable whistling.'' He would play the radio until midnight, sometimes later. The witness recalled Mr. Dean saying to Mrs. Dean that she was always complaining about her health. Mr. Dean told Mrs. Dean he had rather have a Cadillac than a home. Mrs. Dean replied that she would sooner have a home, sooner conserve their resources and put those resources into some kind of a home, instead of an expensive car. Mr. Dean ''was careless about being reasonably quiet.'' The witness complained to Mrs. Dean about the radio playing and whistling. This testimony is not sufficient to establish or corroborate the charge of cruelty made by the husband.

While in a contested divorce action where there is no collusion, the court is justified in granting a decree on slight corroboration if otherwise it is satisfied that the prevailing party is entitled to a divorce (*Cairo* v. *Cairo*, 87 Cal.App.2d 558 [197 P.2d 208]), and where a number of charges of extreme cruelty are made, corroboration of a single act may be sufficient (*Serns* v. *Serns*, 70 Cal.App.2d 527 [161 P.2d 417]), in the present case there was no corroboration whatever of any of the testimony of the husband.

The next point urged by the wife is that the evidence is insufficient to support a finding that a bank account of $4,801 was community property. The court found ''there is community property belonging to said parties, located in the County of Los Angeles, State of California, consisting of $4,-801.00 deposited in the Bank of America, 7th and Olive Branch, Los Angeles, California, in the name of Irene Rose Dean and William Russell DuShane, of which the latter deposited or contributed $1,200.00 to $1,500.00, Andrew Dean about $1,-000.00 from his pay checks, etc., and the remainder by Ione Rose Dean from rooming-house operations.'' The finding is ambiguous. It finds that the entire bank account is community property and at the same time says that William Russell DuShane (son of the wife by a prior marriage) deposited

$1,200 to $1,500. Respondent says, "The process of arithmetic by which the trial court awarded respondent only $1,000.00 from the community property is beyond the comprehension of respondent."

At the time the parties were married the wife owned 22 rooms of furniture, her separate property. She operated rooming houses under the name of Ione DuShane and continued to do so throughout the married life of the parties. From time to time she sold some and purchased other furniture. The husband took no part in the sales or purchase or in the operation of the rooming houses. Prior to establishing the bank account in Bank of America, the wife kept the money from the sales of furniture and operation of the rooming houses separate in a cash box. The wife testified that the husband did not contribute any part of the bank account, that it all came from the sale of furniture and the operation of her rooming houses, plus contributions by her son William Russell DuShane and contributions from a former husband while William was a minor. The record is in an unsatisfactory condition. We have studied the transcript and are satisfied that the evidence is insufficient to support a finding that the total amount of the bank account was community property. We are unable to find any evidence to support the finding that the husband contributed "about $1,000.00 from his pay checks, etc."

The issue as to whether the bank account of $4,801 in Bank of America was separate property of the wife, or in part or in whole community property, should be tried anew.

The only points made by appellant in her brief are with respect to the judgment granting the husband a divorce. She makes no mention in her brief, and did not on the oral argument, of the judgment denying her relief in the action brought by her. She appears to have abandoned her appeal from that judgment. However, we have examined the transcript and find that the court was justified in either concluding that the declarations and acts of the husband testified to by the wife did not constitute cruelty; or if they did, that the testimony of the wife was not corroborated. (See *Fitzsimmons* v. *Fitzsimmons*, 72 Cal.App.2d 545 [164 P.2d 934]; *Truax* v. *Truax*, *supra*, 62 Cal.App.2d 441.)

The judgment in action No. D 347169 is affirmed. The judgment in action No. D 347589 is reversed.

Shinn, P. J., and Wood, J., concurred.