[Civ. No. 15013.   First Dist., Div. One.   June 19, 1952.]

CECILIA K. DOWD, Respondent, v. H. J. DOWD, Appellant.

Albert Picard and Raymond N. Baker for Appellant.

Davis & Colvin, Norman D. Watson and Reynold H. Colvin for Respondent.

WOOD (Fred B.), J.—Defendant H. J. Dowd has appealed from an interlocutory decree which granted the plaintiff Cecilia K. Dowd a divorce upon the grounds of extreme cruelty, awarded her the family home, directed him to sell two other parcels of community property and apply the proceeds in reduction of the indebtedness upon the family home, and ordered him to pay her $50 a month for her support and $25 a month each for the support of the four minor children placed in her custody.

Appellant urges as grounds for reversal of the decree: "(1) The decree is unsupported by the evidence and was

rendered without any corroborating testimony. (2) The court abused its judicial discretion in awarding the entire community property to plaintiff without giving due consideration to all the facts of the case and the condition of the parties. (3) The decree is erroneous and improper in compelling an immediate and present division of the community property contrary to the law.''

(1) *As to the sufficiency of the evidence,* it appears that in her complaint respondent alleged a course of conduct and not less than twelve specific acts of appellant, any considerable portion of which, if proven, would constitute an adequate basis for awarding her a divorce upon the ground of extreme cruelty.

Upon the trial these questions were asked of her, and these answers given: ''Q. You have read the complaint here on file, that is the first amended complaint? A. Yes. Q. And the allegations therein are true? A. Yes.'' and ''Q. Mrs. Dowd, during the time of your marriage, your husband, the defendant, has engaged to excess in the use of alcohol, is that correct? A. Yes. Q. He has stayed out at night and refused to tell you where he had been? A. Yes. Q. And he has called you vile names? A. Yes. Q. And he has struck you on occasions? A. Yes. Q. And done physical harm to you, and violence? A. Yes,'' conduct and acts specifically alleged in the complaint. Appellant, present in person and by counsel, interposed no objection of any kind to any of these questions. Appellant, in turn, testified that he never struck respondent at any time, never used foul language towards her, never did her any physical harm at any time or place, but was intoxicated a few times.

Appellant's challenge of the sufficiency of respondent's testimony is based upon the fact that it was adduced by means of leading questions and by reference to the allegations of the complaint. But in the absence of any objection on those grounds the evidence became and is competent.

Appellant claims that respondent's testimony was insufficiently corroborated. The corroborating witness was a neighbor, Mrs. Vida B. Quinn, who had known respondent for about seven years. Her corroboration of the alleged acts of cruelty came in through the following questions and answers: ''Q. Have you ever seen the defendant, H. J. Dowd, while he was in a state of extreme intoxication? A. Yes, I have. Q. On numerous occasions? A. Not more than twice that I know of. Q. Have you ever seen the plaintiff, Cecilia

K. Dowd, when she had been struck or physically hurt by her husband? A. Yes, I have. Q. You have seen the result of those blows? A. Yes, I have. MR. COLVIN [plaintiff's counsel] : That is all." (Cross-examination) "MR. PICARD [defendant's counsel] : Q. Just a minute. You say you saw the results of the blows; were you present when the blows were struck? A. No, I was not. Q. All you know Mrs. Dowd told you that she was struck, is that true? A. That is true. MR. PICARD : I move that that all be stricken out on the ground that it is now hearsay. THE COURT: Well, we will ask Mrs. Dowd—you were struck? THE PLAINTIFF: Yes. THE COURT: And you told this witness that? THE PLAINTIFF: Yes. MR. PICARD: Still it is hearsay. THE COURT: Under the section of the Code, the hearsay rule is discretionary with the Court. The Code so says. MR. PICARD: All right, that is all. MR. COLVIN: That is all."

The motion that "all be stricken out" as hearsay was too broad. The testimony that she had seen plaintiff when plaintiff had been struck, had seen the results of blows was not hearsay. Her statement that respondent had been struck by the defendant was hearsay. The reason assigned by the trial court for denying the motion to strike was incorrect. but the denial is sustainable if legally proper upon some other ground. Mrs. Quinn's testimony as to the results of blows and her statement that she had seen the defendant while in a state of intoxication is some corroboration, though slight.

█ The existence of corroboration of material facts given in evidence by the respondent is, of course, a question of fact. █ The sufficiency of the corroboration should be determined in the light of the purpose of the requirement for corroboration, the prevention of collusion. That, too, presents a question of fact. "The principal object of the corroboration rule is to prevent collusion between the parties, and where it is clear from the evidence in a contested action that there is no collusion, the court is justified in granting the decree upon evidence which is only slightly corroborated if otherwise the court is satisfied that the prevailing party is entitled to a decree." (*Tompkins* v. *Tompkins*, 83 Cal.App. 2d 71, 76 [187 P.2d 840], corroboration of one of a series of acts, in a contested case; see, also, *Keener* v. *Keener*, 18 Cal.2d 445, 449 [116 P.2d 1] ; *Krull* v. *Krull*, 105 Cal.App.2d 56, 60 [233 P.2d 13] ; *LaVigne* v. *LaVigne*, 96 Cal.App.2d 531, 534 [216 P.2d 75] ; *Cairo* v. *Cairo*, 87 Cal.App.2d 558, 561-562 [197 P.2d 208] ; *McGann* v. *McGann*, 82 Cal.App.2d 382, 386-387 [186

P.2d 424]; *Serns* v. *Serns*, 70 Cal.App.2d 527, 529 [161 P.2d 417]; *Ungemach* v. *Ungemach*, 61 Cal.App.2d 29, 34, 36-39 [142 P.2d 99].) Unlike *Truax* v. *Truax*, 62 Cal.App.2d 441 [145 P.2d 88], upon which appellant relies, this corroborating testimony does relate to conduct narrated by the respondent. We have examined the other cases which appellant invokes but find them inapplicable. Among them is *Farrand* v. *Farrand*, 77 Cal.App.2d 840 [176 P.2d 773], in which there was corroboration but the reviewing court concluded that the acts proven (mere drunkenness) were not, under the circumstances of that case, acts of cruelty which caused grievous mental suffering. In *Dean* v. *Dean*, 97 Cal.App.2d 455 [218 P.2d 54], there was no corroboration at all by a third party, as we read the decision. *Gleason* v. *Gleason*, 13 Cal.App.2d 231 [56 P.2d 973], was decided upon the basis of corroboration of inconsequential points only.

In the case now before us, we cannot say as a matter of law that there was insufficient corroboration.

(2) *We find no abuse of judicial discretion in the award made of the community property.* In making that award, the trial court had in mind, among other things, the welfare of the four minor children, who ranged in age from 3 to 10 years. The family home, awarded to the wife and mother, was sufficiently large to enable her to rent rooms and thereby have an income of $90 per month. But the home, valued at $24,000, was encumbered for the payment of an indebtedness exceeding $12,000. Other community property consisted of improved realty at Loma Mar, valued at $7,000, and a one-third interest in unimproved realty in Sonoma County, an interest valued at $2,166.66. It was the community interest in the Loma Mar and Sonoma County properties which appellant was ordered to sell, the proceeds to be applied in payment of the indebtedness on the family home.

The facts support the disposition made of the community property. In granting a divorce to one of the parties on the ground of the extreme cruelty of the other, it became the duty of the trial court to assign the community property to the respective parties "in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just." (Civ. Code, § 146.) This is construed as meaning that the court must award more than one half to the party who has suffered the wrong. How much more than half, rests in the sound discretion of the trial court, subject to the power of revision vested in an appellate court by the

provisions of section 148 of the code. ▪ Every intendment is in favor of what the trial court did, even though it awarded all to the innocent party. (See *Barham* v. *Barham,* 33 Cal.2d 416, 431 [202 P.2d 289]; *Nelson* v. *Nelson,* 100 Cal.App.2d 348, 350 [223 P.2d 636]; *Jackson* v. *Jackson,* 93 Cal.App.2d 101, 107 [208 P.2d 997]; *Cairo* v. *Cairo, supra,* 87 Cal.App.2d 558, 562-563; *Hill* v. *Hill,* 82 Cal.App.2d 682, 696-697 [187 P.2d 28]; and *Arnold* v. *Arnold,* 76 Cal.App.2d 877, 883-885 [174 P.2d 674], reviewing earlier cases.)

▪ (3) *Immediately effective division of the community property in the interlocutory decree* was erroneous but is correctible by modification of the decree to provide for such disposition upon entry of the final decree. (*Slavich* v. *Slavich,* 108 Cal.App.2d 451, 457 [239 P.2d 100]; *Wilson* v. *Wilson,* 76 Cal.App.2d 119, 129-133 [172 P.2d 568].)

The interlocutory decree is modified by striking therefrom all words presently disposing of the community property and inserting words to the effect that the final decree shall assign to the parties the portions of the community property mentioned in the interlocutory decree, including the order that appellant sell the Loma Mar and Sonoma County properties and apply the proceeds of sale to payment of the indebtedness upon the family home awarded to the respondent. As so modified, the judgment is affirmed as of the date of its entry. Respondent will recover her costs upon this appeal.

Peters, P. J., and Bray, J., concurred.

The opinion was modified to read as above printed on June 23, 1952.